*Hartford,*
*June,*
*1822.*

Pettibone
*v.*
Griswold.

—◦✦◦—

GOODWIN *against* CHAFFEE, administrator *cum testamento an-nexo* of *Rebecca Griswold*, deceased.

*Assumpsit*, founded on an implied promise, will lie, for a legacy, against an executor having assets; but not against one who has no assets, nor the power of procuring any.

For the payment of a legacy, after the personal fund has been exhausted, the court of probate has no authority to order the sale of personal estate.

This was an action of *assumpsit* for a legacy.

The declaration stated, that *Rebecca Griswold*, of *Windsor*, on the 6th day of *March*, 1819, made her last will and testament, and therein gave to the plaintiff the sum of 1000 dollars, to be paid to her in two years from the death of the testatrix; that on the 12th day of *April*, 1819, the testatrix died; that that on the 23d day of *April*, 1819, the defendant was duly appointed administrator of her estate; and, the will being proved and established, he immediately afterwards took upon himself the trust under the will, and received into his possession a large estate, real and personal, which was the estate of the testatrix, at the time of her death, more than sufficient to pay all the debts the testatrix owed, with her funeral charges and expenses of administration, and the said legacy bequeathed to the plaintiff; and that the defendant thereby became liable, and, in consideration thereof, promised the plaintiff to pay to her the said sum of 1000 dollars, according to the tenor of the aforesaid bequest. The action was brought in *August*, 1821.

The facts were these. *Rebecca Griswold*, by will, dated the 6th of *March*, 1819, made a bequest to the plaintiff, in the following words: " I give to my niece, *Anna Goodwin*, one thou-

sand dollars out of my estate, to be paid to her in two years from my death." The will was vouched by three witnesses ; named no executor ; and contained no other devise, bequest or direction. The testatrix died seised of real estate in fee, of the value of 7385 dollars, but her debts and the expenses of administration exceeded the inventory of her personal estate 1131 dollars, 38 cents. The defendant obtained an order to sell real estate to pay this balance, but not the legacy. After two years from the death of the testatrix had elapsed, and before the commencement of this suit, payment of the legacy was demanded and refused. The defendant never expressly promised to pay it.

On these facts the court rendered judgment for the defendant ; and the plaintiff moved for a new trial.

*T. S. Williams* and *Trumbull,* in support of the motion, contended, 1. That the defendant, having taken upon himself the trust of executing the will, was liable for the payment of this legacy. In this state, the real, as well as the personal estate of the testator, is a fund for the payment of legacies ; though the former cannot be resorted to, until the latter is exhausted. The statute (*tit.* 60. *c.* 1. *s.* 22. *p.* 269. *ed.* 1808.) authorizes the sale of real estate, to pay the excess of *debts* and *charges* beyond the personal estate. Here, the personal estate was exhausted. Was this legacy, then, a *debt* or a *charge?* First, it was a debt, which, in its general acception, means that which is *due* from one person to another, or that for which one person has a *just claim* against another. *Barstow* v. *Adams,* 2 *Day* 70. Secondly, it was a *charge* upon the estate, in the popular, and in the technical sense of the term. It was a burden resting upon the estate, which must be removed, before the estate could be settled. *Harris* v. *Ingledew,* 3 *P. Wms.* 91. *Bowdler* v. *Smith, Prec. Chan.* 264. *Trott* v. *Vernon, Prec. Chan.* 430. *Hassanclever* & al. v. *Tucker,* 2 *Binn.* 526. These cases relate to debts ; but there is no difference between debts and legacies as to an implied charge upon real estate by will. *Williams* v. *Chitty,* 3 *Ves.* jun. 551. It was the intention of our legislature to enable the executor, under the direction of the court of probate, to effect a settlement of the testator's estate ; but an estate surely is not settled, while a legacy remains to be paid.

2. That this action was the proper remedy. First, the defendant was liable in his representative character. It was

his official duty to pay the legacy. Secondly, the remedy sought was the proper form of action. If any action at law will lie for a legacy, *assumpsit* is, undoubtedly, the proper one. Formerly, it was the practice, in *England*, (*Hawkes* v. *Saunders, Cowp.* 291. per *Buller*, J. *Anon.* 6 *Mod.* 26, 7. per *Holt*, Ch. J.) to bring this action for a legacy; but, in modern times, a suit in chancery has been deemed the preferable mode of redress, on the ground of *convenience;* because a court of chancery can impose terms on the party suing, and where settlements have been made on the wife and children, can provide for them, according to the exigencies of the case. *Farish* v. *Wilson, Peake's Ca.* 73. But this reason does not exist here; at any rate, it does not exist in this case. It has long been considered a settled law, in this state, that *assumpsit* will lie in favour of the legatee against the executor, for the recovery of a legacy, as soon as it becomes due. 1 *Swift's Syst.* 435, 6. *Lamb* v. *Smith* & ux. 1 *Root* 419. *Spalding* v. *Spalding,* 2 *Root* 271.

*W. W. Ellsworth*, contra, contended, 1. That no action at law will lie for a pecuniary legacy, without an express promise on the part of the defendant. This is the settled and undoubted law of *England*, and of our sister states. *Deeks* & ux. v. *Strutt*, 5 *Term Rep.* 690. *Farish* v. *Wilson, Peake's Ca.* 73. *Pelletreau* v. *Rathbone* & al. 18 *Johns. Rep.* 428.

2. That if an action at law will lie, it can be only where there is personal property in the hands of the executor. It is enough for him to say, in his representative capacity, "I have no funds—no controul over any estate—I retain nothing."

3. That the court of probate could not order the sale of land to pay this legacy, whether it was charged upon the land or not. The statute gives no such authority. The words "debt" and "charge" are used in the statute, in their ordinary acceptation; the former implying a sum due by contract, express or implied; and the latter, the expences of settling the estate.

4. That the real estate was not charged with the payment of this legacy. *Lupton* v. *Lupton*, 2 *Johns. Chan. Rep.* 623, 4.

HOSMER, Ch. J. If there exists a liability on the executor, by reason of his having assets, an action of *assumpsit*, founded

*Hartford,*
*June,*
*1822.*

Goodwin
*v.*
Chaffee.

on an implied promise, in my opinion, is maintainable against him for a legacy.

But when the personal estate has been exhausted, as in this case it was, and resort must be had to realty, it becomes an important question, whether, for the payment of a legacy, the court of probate has authority to order the sale of real estate. On this point, the case before the court must turn. For the "debts and charges" against the estate, the law has imparted this authority; and, of consequence, imposed it on the judge as a duty; but a legacy is not a debt, nor is it a charge, within the meaning of the statute. The latter word has, from familiar use, the precision of a technical term, and merely comprises the expences incurred in the settlement of an estate. The executor, then, had no assets, nor the possibility of obtaining any, to discharge the legacy; and no suit can be maintained against him for omitting to perform an impossibility.

To express an opinion beyond the exigencies of the case, would be improper. That the plaintiff is remediless, I do not intimate; but the nature of the remedy, it is neither my duty, nor intention, to suggest.

The other Judges were of the same opinion.

New trial not to be granted.