## Knapp *against* Hanford and another.

*Assumpsit* or debt will lie upon an implied promise against an executor having assets.

Where the plaintiff, in an action of debt against *C.,* the executor of *B.,* who was the executor of *A.,* charging the defendant as the executor of *A.,* and seeking a recovery out of *A.'s* estate, offered in evidence the admissions of *B.* that he had assets of *A.* ; it was held, that such admissions were inadmissible.

If, in such case, it were proved, that *B.* had assets of *A.,* this would afford no legal presumption, that such assets came to the hands of the defendant.

This was an action of debt, brought by *Hannah Ann Knapp,* against the defendants, as executors of *Lucy Ann Weed,* deceased, to recover a legacy, given by her will to the plaintiff. The

declaration stated, That on the 15th of *July*, 1816, *Lucy Ann Weed* made her will, and therein gave the plaintiff a legacy of 100 dollars; that she appointed *Seth Weed* her executor; that on the 1st of *August*, 1818, she died, possessed of estate more than sufficient to pay all her debts and legacies; that the will being afterwards proved and allowed, *Seth Weed* accepted the trust of executor, and took the estate so left into his hands; that on the 16th of *December*, 1822, *Seth Weed* made his will, and appointed the defendants his executors; that after his death, *viz.* on the 6th of *January*, 1823, his will was proved and allowed, and the defendants accepted the trust of executors, and received into their hands the residue of the estate, which *Lucy Ann Weed* left, which *Seth Weed*, as her executor, had not expended, pursuant to the directions of her will.

The defendants pleaded, that they *owed the plaintiff nothing*, and on that issue, the cause was tried at *Fairfield December* term, 1824, before *Bristol*, J.

It was admitted, by the parties, that *Seth Weed* was the executor of *Lucy Ann Weed*, and that the defendants were the executors of *Seth Weed*, as the declaration stated; that the legacy mentioned in the declaration, and sundry other legacies to the amount of more than 1000 dollars, were given, by the will of *Lucy Ann Weed*; that neither *Seth Weed*, nor the defendants, had ever made any inventory of her estate; and that a special demand of the legacy in question, was made of the defendants. The defendants insisted, that none of her estate ever came to their hands, or to their knowledge. The plaintiff claimed to have proved, that *Seth Weed*, while he was executor, admitted that he had received, as executor, of the proper goods and chattels of his testator, enough to pay all the debts and charges against her estate, and all the legacies given by her will; and to prove further, that he had *actually* paid two of the other legacies, and had *admitted* that he had paid all of them, except the one in question. To the admission of this evidence the defendants objected; but the judge admitted it. On this evidence the defendants claimed, that they were entitled to a verdict. The judge instructed the jury, that the admissions of *Seth Weed*, and the actual payment by him of the two legacies, were proper evidence to shew, that he had sufficient assets of *Lucy Ann Weed* to pay the legacy in question; that the defendants, however, were not liable as executors of *Lucy Ann Weed*, but as executors of *Seth Weed* only, unless sufficient assets of

the former had come to their hands; but if *Seth Weed* had suffi-cient assets of *Lucy Ann Weed*, the jury ought to presume they came to the hands of the defendants, unless the contrary were shewn by them.

The jury returned a verdict for the plaintiff; and the defend-ants moved in arrest of judgment, for the insufficiency of the de-claration, and for a new trial, on the ground, that the evidence offered by the plaintiff was improperly admitted, and that the jury were misdirected.

*Sherman* and *Bissell*, in support of both motions, contended,
1. That no action at law will lie for a legacy, unless there be an express promise or assent. *Deeks* & ux. v. *Strutt*, 5 *Term Rep*. 690. *Pelletreu* v. *Rathbone* & al. 18 *Johns. Rep*. 428. Ad-mitted in *Doe* d. Lord *Saye-and-Sele* v. *Guy*, 3 *East* 120. S. C. at *Nisi Prius*, 4 *Esp. Rep*. 154. The appropriate remedy is by bill in chancery. That court may call all persons interested in the subject matter before it, and may impose such terms on the party suing, as the equity of the case requires. But in a court of law, no terms can be imposed; the law must take its course; if the plaintiff be entitled to a verdict, he will recover the full amount of the legacy. The legacy may be payable im-mediately, and a recovery had; and afterwards there may be a defficiency of assets. This will compel the other legatees to go into chancery. Why should not that be the first resort? All the reasons, which shew the propriety of this course in *England* or in *New-York*, are applicable here. No contrary doctrine has been established by our courts. The cases of *Lamb* v. *Smith* & ux. 1 *Root* 419. and *Spalding* v. *Spalding*, 2 *Root* 271. were not against the defendants *as executors*. They both pro-ceed on the ground, that the legacy was charged on the estate, which the defendants took, and in consequence thereof became liable. In the case of *Goodwin* v. *Chaffee*, 4 *Conn. Rep*. 163. the question here presented did not necessarily arise; nor was it determined.

2. That if any action will lie, *debt* will not. In support of this action, there is neither principle nor precedent.

3. That the declarations of *Seth Weed* were inadmissible. The only ground on which the defendants can be subjected, is, that they have assets of *Lucy Ann Weed*. If, then, these de-clarations are admissible for any purpose, it is for the purpose of shewing assets in the hands of the defendants. But there is

no privity between them and *Seth Weed.* They stand before the court only as executors of *Lucy Ann Weed ;* and as to them, the declarations of *Seth Weed,* are the declarations of a stranger.

4. That the charge to the jury was incorrect. The plaintiff was bound to prove, that assets of *Lucy Ann Weed* had come to the hands of the defendants. And how was this fact made out? First, by the declarations of *Seth Weed,* a stranger, that he had assets; and secondly, by throwing on the defendants the burthen of shewing negatively that these funds never came to their hands. If the declarations of *Seth Weed* were inadmissible, it is decisive of this point; but if otherwise, still no presumption of law can come to the plaintiff's aid, to relieve her from making out the whole of her case. If she claims, that the defendants have got *Lucy Ann Weed's* estate, she must prove the fact.

*N. Smith* and *C. Hawley,* contra, contended, 1. That *assumpsit* would lie for a legacy against an executor having assets. This is the settled law of *Connecticut,* whatever the *English* doctrine may be. *Lamb* v. *Smith* & ux. 1 *Root* 419. *Spalding* v. *Spalding,* 2 *Root* 271. *Goodwin* v. *Chaffee,* 4 *Conn. Rep.* 163. 165, 6. This is not an arbitrary departure from the *English* law ; for, under our probate system, every valuable purpose to be attained by an application to chancery, may as well be had, and with less expense and delay, in the court of probate. A bill in chancery has never been brought, in this state, for a legacy.

2. That if *assumpsit* will lie, it is equally clear that *debt* will lie, the claim being for a sum certain. 1 *Chitt. Plead.* 105, 6. *Speake* v. *Richards, Hob.* 206. 1 *Swift's Dig.* 572.

3. That the testimony offered by the plaintiff was proper to prove assets in the hands of *Seth Weed,* the first executor. There is a *privity* between the first executor and the defendants. The latter represent him : they stand in his shoes. If there had been a judgment by default against *Seth Weed,* as the executor of *Lucy Ann Weed,* a *scire-facias* would lie against his executor. *Hope* v. *Bague* & al. 3 *East* 2. *Platt* v. *Robins* & al. 1 *Johns. Ca.* 276. 2 *Wms. Saund.* 72. *o.* But a judgment by default against an executor, is only an *implied admission* of assets. 2 *Selw. N. P.* 804. An *express admission* must have the same effect. Besides, declarations made by deceased persons

Fairfield,
June,
1826.

Knapp
v.
Hanford.

against their interest, are, generally, evidence against third persons. 1 *Phill. Evid.* 191, 2. *Holladay* v. *Littlepage*, 2 *Munf.* 316.

4. That the charge was correct. First, the omission of *Seth Weed*, and of the defendants, to make an inventory, was presumptive evidence of assets. *Orr* v. *Kaines*, 2 *Ves.* 194. Secondly, the payment of other legacies was presumptive evidence of assets; the rule being, that whenever an executor pays a legacy, the presumption is, he has sufficient to pay all legacies. *Orr* v. *Kaines*, before cited. The first executor having received assets, which he did not apply, it will be presumed that such assets came to the hands of his executors, unless they shew, that the fact was otherwise. *Wells* v. *Fydell* & al. 10 *East* 315.

DAGGETT, J. Two objections are made to the declaration on the motion in arrest.

1. No action *at law* will lie against an executor or administrator for a legacy, without an express promise; the remedy being in chancery. This, undoubtedly, is the law in *Westminster-Hall*. *Deeks* & ux. v. *Strutt*, 5 *Term Rep.* 590. This doctrine stands on the ground, that a court of chancery only can impose terms on the party, who is entitled to recover. No such reason exists in *Connecticut*. Our courts of probate, to which the settlement of estates belongs, is vested with full powers on this subject, as a recurrence to the statutes will shew. It has, therefore, long been settled law here, that *assumpsit* upon an implied promise can be maintained against an executor, if it be proved that he has assets. *Lamb* v. *Smith* & ux. 1 *Root* 419. *Spalding* v. *Spalding*, 2 *Root* 271. *Goodwin* v. *Chaffee*, 4 *Conn. Rep.* 163.

2. If *assumpsit* can be maintained, debt will not lie. This objection is equally groundless with the former. 1 *Chitt. Plead.* 105. 1 *Swift's Dig.* 572. 1 *Wms. Saund.* 218. n. 4. 219. e. *Ewer* v. *Jones*, 2 *Salk.* 415. S. C. 2 *Ld. Raym.* 934. 937. Debt lies on legal liabilities. This doctrine rests on unquestionable authorities. I therefore think the declaration good.

3. By the motion for a new trial, it appears, that testimony was admitted by the court, and submitted to the jury, that *Seth Weed*, the first executor of *Lucy Ann Weed*, *acknowledged*, that he had *her* estate in his hands sufficient to pay all the debts and legacies; and that he had, in fact, paid all the legacies given by the will, except that now sought to be recovered.

It is to be observed, that the defendants are not charged in the declaration as executors of *Seth Weed*, but of *Lucy Ann Weed*. Out of *her* estate the plaintiff seeks to recover. *Her* assets must be resorted to, to satisfy the plaintiff's claim. *Seth Weed's* declarations, then, were received in evidence, not to render *Seth Weed's* estate in the hands of the defendants, liable, but *Lucy Ann Weed's* estate. In this point of view, I think the evidence was incorrectly admitted. *Seth Weed* could, doubtless, bind himself, his personal representatives and his estate, by his admissions; but it is not easy to see how they could affect the defendants, in relation to the estate of *Lucy Ann Weed*. If *Seth Weed* had wasted all the estate of *Lucy Ann Weed*, surely the defendants would not be liable, *in this action*, on the ground of assets. The issue joined was upon the indebtedness of the defendants, charged as executors of *Lucy Ann Weed*. The verdict finds, that the defendants owe, and that the plaintiffs shall recover *out of the estate of Lucy Ann Weed in their hands*. The proof that *her estate* is in their hands, is from the declaration of *Seth Weed*, that it was in *his* hands. This, it is believed, was not admissible. If the declaration had been in *assumpsit* or debt against the defendants as executors of *Seth Weed*, on his liability founded on the assets of *Lucy Ann Weed* in his hands, the proof would have been pertinent, and perhaps effectual.

4. The correctness of the charge of the judge is questioned. The jury were instructed, that if they found, upon the evidence of the declarations and admissions of *Seth Weed* abovementioned, that he had sufficient assets of *Lucy Ann Weed*, they must presume they came to the hands of the defendants, *unless the contrary were shewn by them*. The Court, being satisfied, that the evidence of *Seth Weed's* admission ought to have been rejected, need not, perhaps, decide on the propriety of the charge; yet as this point is directly made, and it may be of importance in future litigation, that it be disposed of, I remark, that no authority or principle is shewn, by the counsel, in support of it. The plaintiff in debt or *assumpsit*, is bound to shew indebtedness, to maintain his action. In this case, he would cast the burden of proof on the defendants, and insist, that they should prove, that no assets came to their hands, or else submit to a recovery against them. I am of opinion that this cannot be done.

The counsel for the plaintiff relied on the case of *Wells* v. *Fydell* & al. 10 *East* 315. The decision in that case is consis-

*Fairfield,*
June,
1826.

Knapp
*v.*
Hanford.

tent with the principles adopted by this Court. It proves, that the executor of an executor, sued for a breach of covenant made by the original testator, must shew, in his plea of *plene adminis- travit,* not only that none of the goods of the original testator, at the time of his death, came to the defendant's hands, but also must shew, that the first executor fully administered, or at least that he, the second executor, had no assets of the first, so that there was no fund out of which a *devastavit* by the first execu- tor, could be made good. In that case, the defendant was charged, as the defendants might have been in this, as the ex- ecutor of the first executor, and not, as here, of the first testator. In that case, if the first executor had wasted the estate of the first testator, still the second executor ought to be liable, if he had assets of his testator. No position is taken here in opposi- tion to that doctrine: on the contrary, it is admitted.

If the defendants had been sued as executors of *Seth Weed,* the executor of *Lucy Ann Weed,* must not the plaintiff have proved assets of *Lucy Ann Weed* in the hands of the defendants, or to have been in the hands of *Seth Weed,* and by him wasted, and in the latter case, that assets of *Seth Weed* were in their hands? Can, then, the burden of proof be thrown on to the defendants, by erroneously proceeding against them as execu- tors of *Lucy Ann Weed?*

A new trial therefore must be granted.

The other Judges were of the same opinion, except BRAIN- ARD, J., who was absent, by reason of indisposition, during the argument, and therefore gave no opinion.

New trial to be granted.