# CHESHIRE,

## DECEMBER TERM, A. D. 1845.

### THURSTON *v.* HUNTINGTON.

Where several attachments are made by an officer at the same time, without specifying any order of priority, the attaching creditors take equal portions in the avails of the property attached, according to the number of the suits.

The returns of an officer that he makes of attachments of property, subject to other attachments, are indications of the order in which he receives and serves the writs, and give priority accordingly.

Where a sheriff served several writs at twelve o'clock, and returned his attachments in a particular order, subject to each other, and another sheriff made another attachment at the same time ;—*Held,* that this last attachment was not affected by the priority among the others, but that the creditor was entitled to a share with all the others, according to the whole number of attachments.

CASE. The declaration set forth that one Nahum Harrington was indebted to the plaintiff upon a promissory note; that the plaintiff purchased a writ and delivered it to the defendant, who was sheriff of the county, for service ; that the defendant, on the 20th of February, 1844, attached the equity of redemption of a farm in Alstead, belonging to Harrington, subject to three prior attachments in favor of Oliver Huntington, Thaddeus Davis, and Daniel Maule; that the plaintiff recovered judgment and delivered an execution to the defendant, with instructions to levy the same upon the estate attached upon the writ; that by virtue of the execution of the plaintiff, and an execution issued at the same term of court in favor of

Thaddeus Davis, the defendant seized upon and sold the right of Harrington to redeem, for a sum more than sufficient to satisfy the sums due to Davis, and those due the plaintiff, but that the defendant refused to satisfy the plaintiff's execution, and returned the same satisfied in part only.

It appeared that Harrington's right to redeem was duly attached by the defendant on the evening of Saturday, February 24, 1844, upon a writ in favor of Thaddeus Davis, and upon another writ in favor of Oliver Huntington. It was subsequently attached on the same evening by one Lathrop, a deputy of the defendant, upon a writ in favor of one Cook.

On Sunday evening Lathrop came to the house of the town-clerk, having a writ in favor of Herschell Davis, against Harrington, and the defendant came with writs in favor of Daniel Maule, the plaintiff, William C. Thurston, William Lamson, and Francis Holbrook. Both Lathrop and the defendant had made returns, setting forth attachments of the real estate of Harrington, upon their several writs, those of the defendant being made in the order named above, and subject to each other, and each had copies of the writs and returns in their possession. The town-clerk was not present. As the clock was striking twelve both Lathrop and the defendant proceeded to leave their copies — the defendant by handing his copies, together with the office fees, to the clerk's wife, and Lathrop by placing his copies and money upon the table at the same time, and calling her attention to it.

The clerk certifies upon the copies of the writs in favor of H. Davis, the plaintiff, Thurston, Lamson, and Holbrook, that they were left February 26, at twelve o'clock in the morning, and on that of Maule that it was left at sixty minutes before one o'clock, A. M.

Judgments were duly recovered upon all the writs, and executions issued. The execution of Huntington was satisfied by a sale of personal property.

---
Thurston *v.* Huntington.
---

On the 8th of June, 1844, the defendant sold the equity of redemption, after due advertisement, and applied the avails in satisfaction of the executions in favor of Thaddeus Davis, Cook, Herschell Davis and Maule, and the balance, after satisfying their claims, he applied upon the execution of the plaintiff, which was satisfied only in part. A verdict was taken for the plaintiff, and judgment is to be rendered thereon, or the verdict to be amended, or set aside and judgment rendered for the defendant, according to the opinion of this court.

*Vose*, for the plaintiff.

*Edwards*, for the defendant.

PARKER, C. J.    The fact that the town-clerk was not present does not affect the attachments.

Aside from the fact that the sheriff returned the attachments in a particular order, subject to each other, the evidence would show the attachments to be simultaneous. They were made at the same time.

When attachments are simultaneous the attaching creditors are entitled to equal portions.    13 Mass. 529, *Shove* v. *Dow;* 14 Pick. 414, *Sigourney* v. *Eaton;* 6 Conn. 170, *Lee* v. *Hinman*, cites 1 Swift's Dig. 156.

The main question, then, is, what effect that fact has upon the case.

Returns may so be made.    This is often done in attachments of personal property.    It does not show that the attachments were not made at the same time, but indicates the order in which the writs were delivered to the officer, and in which he served them.

This has no effect upon the attachment of Herschell Davis.    It makes no difference to him whether the other attachments had as respects themselves a particular order of priority.    They were all made at the same time with

his. He takes a share in the proportion of his claim to the whole number of claims.

But it has the effect to give priority among the others. They take the residue in their order. This results from the return of the defendant, making them subject to each other. If he had no right to do so, they have a remedy against him. But if he returned them in the order in which they were received, he gave them their rightful precedence.

*Verdict amended and judgment for the plaintiff.*