## CONGER v. COOK ET AL.

1. **Administrator:** PETITION TO SELL REAL ESTATE: TIME OF FILING. The fact that the petition of an administrator for authority to sell real estate for the payment of debts is not filed until some months after the expiration of the year for the filing of claims against the estate is sufficiently excused by a showing that the property could not have been sold sooner without great sacrifice.

2. ——: ——. Where the petition of an administrator for leave to sell real estate shows that there are unpaid claims established against the estate which the personal property is insufficient to pay, it is not subject to demurrer because it fails to show that all payments theretofore made by the administrator were proper and legal, that being a question alone between the heirs and the administrator and his bondsmen, which cannot be allowed to prejudice the right of creditors of the estate to speedy payment.

*Appeal from Adair Circuit Court.*

### SATURDAY, APRIL 23.

THE plaintiff, as administrator of the estate of Charles Wilshire, deceased, filed a petition in the Circuit Court of Adair county, praying for an order for the sale of real estate, averring, in substance, that the personal property is inadequate to pay the debts and expenses of the administration. The petition showed that the plaintiff was appointed administrator Dec. 12, 1878, and gave notice of his appointment in the same month. The petition was filed June 11, 1880. It showed that the deceased died intestate, leaving as his widow Ina M. Wilshire, now Ina M. Cook, and the defendant William Wilshire, as his only child. These persons are made defendants, as being the owners of the property

sought to be sold. William Wilshire appeared and demurred to the petition. The demurrer was overruled, and he appeals.

*H. E. Long* and *Charles S. Fogg*, for appellant.

*Ben. S. Adams* and *McCaughan & Dabney*, for appellee.

ADAMS, CH. J.—The petition was filed about one year and five months after completed publication of notice of admin-

1. ADMINIS-
TRATOR:
petition to
sell real es-
tate: time
of filing.

istration. The defendant Wilshire demurred upon the ground that it appeared that the application was barred by lapse of time.

It is not claimed that there is any statute limiting the time of making an application for the sale of real estate, for the payment of claims, by an administrator, but it is contended that, on principle, the application ought to be denied unless made before the expiration of the time allowed by statute for establishing claims: that the statute allows one year for establishing claims, and the application was not made until that time had elapsed.

The plaintiff contends that, on principle, more time ought to be allowed for making an application to sell real estate for the payment of claims than is allowed for establishing claims, because an application to sell real estate for the payment of claims cannot be made until after the claims have been established, and, indeed, not until after the personal property has been exhausted, or the balance necessary to be paid by the sale of real estate has been ascertained.

The defendant, in support of his theory of limitation, cites and relies upon *McCrary v. Tasker*, 41 Iowa, 255 (260.) In that case Mr. Justice Day said: "We are disposed to hold that, as a general rule in this State, an application of the executor to sell real estate of the decedent for the payment of debts will not be sustained unless made within eighteen months

from the time the executor gives notice of his appointment, unless the peculiar circumstances of the case are of such a character as to make it the duty of the court of equity to depart from this general rule, and that, under such circumstances, the application must be made within a reasonable time." Under the statute then in force the time allowed for establishing claims was eighteen months.

In that case the application was made more than thirteen years after the appointment of the executor, and more than seven years after he was discharged. The court thought the application was made too late, and it was accordingly denied.

The plaintiff in the case at bar does not question the correctness of the decision in denying the application, but he contends very strenuously that the court not only had no occasion to fix a definite time within which application, as a general rule, must be made, but even if it had, that the time fixed is too short, and that the rule adopted is not sustained by the authorities.

The case at bar is not such as to require us to review the correctness of the doctrine enunciated in that case farther than this: we are of the opinion that if the general rule is that the time for making an application to sell real estate for the payment of claims expires when the time expires for establishing claims, matters of excuse for delay may not only be shown, but may be set up in the petition by which the application is made. In the case at bar a matter of excuse is thus set up. It is averred that the value of real estate was depreciated, and that there was no demand for, or opportunity to sell the same. It is averred, further, that both the plaintiff and the widow thought it would be injudicious to force the property upon the market earlier.

An administrator charged with the duty of selling real estate should exercise reasonable diligence to find a purchaser or purchasers, and to make a fair sale. For this purpose he may doubtless, if necessary, be allowed a little time, even though it should extend beyond the limit indicated. The

delay, if any, in this case was very small. No rights of third persons appear to have intervened. We are united in the opinion that the fact averred that there was no demand for the property or opportunity to sell the same sooner constituted a sufficient excuse, if any was necessary, for not making the application sooner.

As another ground of demurrer the defendant says that the petition is insufficient, because it shows that the plaintiff —: ——. has received money enough from the sale of personal property to pay all established claims, and that it is not necessary to sell real estate to pay them.

The petition shows that the administrator charged himself with $4,766.66, as money received from the sale of personal property, which would be sufficient to pay the established claims, or nearly so. A portion of the property, however, was subject to a chattel mortgage, and the plaintiff credited himself with the payment of $2,789.10, which payment was made at the time of the sale, and in satisfaction of the mortgage. This payment having been made the plaintiff's means were insufficient to pay all the established claims.

The defendant contends that the plaintiff is not entitled to the credit of paying the mortgage, because the claim secured by the mortgage was not an established claim, and that if this credit were stricken out he would appear to have sufficient means in his hands.

It appears from the petition that the property mortgaged was cattle; that the plaintiff applied for an order to sell them at private sale, averring among other things that the cattle were in a fit condition to ship for market; that they would depreciate in value unless sold, and that, as the plaintiff believed, they would sell for more at private than at public sale. Upon the petition so showing it appears that the court granted the order. It further appears that the cattle sold for more than enough to satisfy the mortgage upon them, and that enough of the purchase money to satisfy the mortgage was applied to that purpose.

Possibly to entitle the administrator to credit for the payment in his account as between him and the distributees he should show affirmatively that the mortgage was a valid and subsisting lien to the amount paid in discharge thereof. But no question of that kind can arise in determining the sufficiency of the application before us. It is shown that there are debts remaining unpaid, and that the administrator has not the funds to pay them. Suppose it were true as it is claimed that there has been a misapplication of funds; the loss should not fall upon creditors if the estate is sufficient. The loss should be borne by the administrator and his bondsmen, and this could be adjusted only upon final settlement. The administration must proceed until the debts are paid, or the estate exhausted. In our opinion the objection to the application based upon the use shown to have been made of the funds in discharge of the chattel mortgage is not well taken.

As another ground of demurrer it is said that the petition is insufficient because it shows that there is something due the administrator as costs of administration, and the application is made in part to raise money to reimburse the administrator, and also to pay him his compensation. The defendant contends that the real estate cannot be sold for such purpose.

If this were true we do not think that it would constitute a ground of demurrer to the petition which seeks an order of sale for the purpose of paying creditors. It was proper to grant an order of sale, though of course only for a legitimate purpose, and only for the sale of so much real estate as was necessary for such purpose. The petition, if objectionable upon the ground urged, should have been assailed, we think, by a motion to strike out the objectionable part.

We do not wish to be understood as intimating that we do not think that real estate can be sold to pay the administrator's costs and compensation, where the proceeds of the personal property have been exhausted in properly paying creditors.

The petition in this case was assailed by demurrer. The

demurrer was overruled, and the order of sale made. Let the order stand; it will be time enough to adjust the administrator's account, and determine the question, when he comes to ask the approval of his account, and the allowance of his compensation.

AFFIRMED.