JOHN ALEXANDER ET AL., APPELLANTS, V. ANNA BELL ALEXANDER, APPELLEE.

[FILED MARCH 27, 1889.]

1. **Administration of Estates.** An heir or devisee of an estate cannot maintain an action for distribution or partition until the debts, allowances, and expenses against said estate, have been paid or provided for, unless he give a bond with approved sureties to pay the same.

2. ———: PARTITION. Where a widow has a life estate in all the lands of which her husband died seised, the heirs cannot maintain an action of partition against her and disturb her possession.

3. **Wills:** PROBATE: JURISDICTION. One A., being a resident of D. county, and possessing an estate therein, died in the year 1885. Shortly after his decease, an instrument purporting to be his last will and testament was duly filed in the office of the county judge of said county, together with a petition stating the neces-

sary facts and praying that said will might be probated.  The county judge thereupon caused a notice to be published in a newspaper printed in that county, setting forth that a hearing would be had on said purported instrument at his office, on the 28th day of November, 1885, at 10 o'clock A. M.  This notice was published on the 12th, 19th and 26th days of November preceding the hearing.  *Held,* That a publication once a week for three weeks was sufficient to give the court jurisdiction, and that its ruling was not subject to collateral attack.

APPEAL .from the district court of Dixon county. Heard below before POWERS, J.

*Wigton & Whitham,* for appellant, cited: *Diston v. Hood,* 3 So. Rep. 747; *Abell v. Cross,* 17 Ia. 174, and cases; *Frazier v. Miles,* 10 Neb. 113; *Colton v. Rupert,* 27 N. W. Rep. 520; Wade on the Law of Notice, secs. 1334, 1335; *Patrick v. Leach,* 12 Fed. Rep. 661, 663; *Chase v. Ross,* 36 Wis. 268; *Roberts v. Flanagan,* 21 Neb. 503, 507; *Pelton v. Drummond,* 21 Id. 493, 495; section 895, Code of Civil Procedure; *Eaton v. Lyman,* 33 Wis. 34; *Loosemore v. Smith,* 12 Neb. 343; *Kirk v. Bowling,* 20 Id. 263; Rorer on Judicial Sales, sec. 1016.

*Barnes Bros.,* for appellee, cited: 3 Pomeroy's Equity Jurisprudence, sec. 1388; *Hardy v. Mills,* 35 Wis. 141; *Wilkin v. Wilkin,* 1 Johns. Ch. 111; 1 Central Law Journal, 114; *Chase v. Ross,* 36 Wis. 268; *Morrow v. Weed,* 4 Iowa, 97–133; *Cooper v. Sunderland,* 3 Id. 135; *Roberts v. Flanagan,* 21 Neb. 503; *Fulton v. Levy,* 21 Id. 478; *Kirk v. Bowling,* 20 Id. 260; Waples on Proceedings in Rem., 705, sec. 566.

MAXWELL, J.

The plaintiffs brought an action in partition against the defendant in the district court of Dixon county, and on the trial the court found for the defendant and dismissed the action.

The plaintiffs allege in their petition :

"1. That on the 22d day of October, 1885, one James Alexander died intestate, seised in fee of the following described real estate situate in Dixon county, Nebraska, to wit : the southwest quarter of the northeast quarter, and the southeast quarter of· the southwest quarter, and the west half of the southeast quarter, of section twenty-six, township thirty-one, range five east; and the east half of the southeast quarter of section thirty-four, township thirty-one, range five east; and the north half of the northwest quarter, and the southwest quarter of the northwest quarter, and the southwest quarter of the southwest quarter, of section thirty-five, township thirty-one, range five east; and the northwest quarter of the northwest quarter of section two, township thirty, range five east.

"2. Said James Alexander left as his only heirs at law the following persons, to wit; John Alexander, brother of said deceased, aged sixty-two years, residing in Dixon county, Neb.; Ellen J. Smith, sister of said deceased, residing in New Zealand; James E. Alexander, aged sixteen years, and Maggie Beller, aged twenty years, both residing in Dixon county, heirs of one Thomas Alexander deceased; said Thomas Alexander being a brother of James Alexander deceased, and Robert Alexander, since deceased.

"3. The defendant, Anna Bell Alexander, is the widow of said James Alexander, deceased, and as such widow has a right of dower in said real estate which has not been admeasured.

"4. Plaintiffs John Alexander and Ellen J. Smith, as heirs of James Alexander, deceased, have each an undivided one-third interest in said lands, and said plaintiffs, James E. Alexander and Maggie Beller, as heirs of Thomas Alexander, brother of said James Alexander, deceased, have each an undivided one-sixth interest in said lands. Wherefore plaintiffs pray judgment confirming the shares of the parties as above set forth, and for a partition of said real estate

according to the respective rights of the parties interested herein; or, if the same cannot equitably be divided, that said premises may be sold and the proceeds thereof be divided between the parties according to their respective rights; and for such other relief as may be just and equitable."

The defendant in her answer "Denies that the said James Alexander died intestate, and avers the fact to be that said James Alexander made and left his certain last will and testament, and thereby and therein left all of the personal and real estate of which he died seised, to wit, that set forth in said petition, to this defendant, his widow. And defendant avers that said plaintiffs ought not to be further permitted to prosecute this their said action against this defendant, because she says that on the 28th day of November, 1885, by the judgment and consideration of the county court within and for said county of Dixon, the said will of said James Alexander was duly established, proved, and allowed, and the same was duly admitted to probate; that said judgment of said court now remains in full force and effect, and is in nowise reversed, modified, or set aside; that said plaintiffs had due notice of all of said proceedings, and made their defense to the said action to probate and establish the said will; that the defendant is the owner of and is in possession of the said lands under said will and decree, and plaintiffs have no interest therein."

It will be observed that the petition fails to allege that the debts due against the estate have been paid, or that distribution has been made as provided in the statute. Neither is there any allegation in regard to issue of the marriage of the defendant and the deceased, James Alexander. If there were no children, then the statute declares that the estate of the deceased "shall descend to his widow during her natural life." (Comp. Stat., chap. 23, sec. 30.)

Section 288, Chapter 23, Compiled Statutes, provides that "Before any partition or division of any estate among

the heirs, devisees, or legatees, as provided in this subdivision, the probate court shall make an allowance for the necessary expenses of the support of any children of the deceased under seven years of age; and it shall be the duty of the executor or administrator to retain in his hands sufficient estate for that purpose, except when some provision is made by will for their support.

"Sec. 289. After the payment of the debts, funeral charges, and the expenses of administration, and after the allowances made for the expense of the maintenance of the family of the deceased, and for the support of the children under seven years of age, and after the assignment to the widow of her dower, and of her share in the personal estate, or when sufficient assets shall be reserved in the hands of the executor or administrator for the above purposes, the county court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same.

" Sec. 290. In such decree, the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same.

"Sec. 291. Such decree may be made on the application of the executor or administrator, or of any person interested; but no heir, devisee, or legatee, shall be entitled to a decree for his share until payment of the debts and allowances and expenses mentioned in the preceding section shall have been made or provided for, unless he shall give a bond to the county judge, with such surety or sureties as he may direct, to secure the payment of the just proportion of such heir, devisee, or legatee, of such debts and expenses, or such part thereof as shall remain unprovided for, and to indemnify the executor or administrator against the same.

" Sec. 292. When such estate shall consist in part of real estate, and shall descend to two or more heirs, devisees, or

legatees, and the respective shares shall not be separate and distinguished, partition thereof may be made as provided by law."

1. There is no claim that the debts, allowances, and expenses against the estate, have been paid or provided for, or that the plaintiffs had given bonds to secure the payment of the same. They, therefore, cannot maintain an action of partition or for distribution.

2. If the widow has a life estate in the lands mentioned, the plaintiffs cannot maintain an action of partition against her. She is entitled to the full possession and absolute control during her life of said estate, provided she does not commit waste thereon. And the plaintiffs would have no right to disturb her possession.

3. The third objection is that the will under which the defendant claims was a forgery and was never lawfully admitted to probate. The testimony shows that on the 9th day of November, 1885, an instrument was filed in the probate court of Dixon county, purporting to be the last will and testament of James Alexander, deceased. And at the same time one James G. Bailey filed a petition in said court, setting forth the necessary facts to give the court jurisdiction and prayed that the said will might be probated. The court thereupon caused the following notice to be published:

NOTICE OF PROBATE OF WILL.

*JAMES ALEXANDER, DECEASED.*

In County Court, Dixon county, Neb.

"*The State of Nebraska to the heirs and next of kin of the said James Alexander, deceased:*

"Take notice, that upon filing of a written instrument purporting to be the last will and testament of James Alexander, deceased, for probate and allowance, it is ordered that said matter be set for hearing on the 28th day of November A. D. 1885, before said county court, at the hour of 10 o'clock A. M., at which time any person interested may

appear and contest the same; and notice of this proceeding is ordered published three weeks successively in the *Northern Nebraska Journal,* a weekly newspaper published in this state. In testimony whereof I have hereunto set my hand and the seal of the county court, at Ponca, this 9th day of November, A. D. 1885.    W. C. SMITH,

"[L. S.]    *County Judge.*"

This notice was published on the 12th, 19th, and 26th days of November, 1885. It is claimed on behalf of the plaintiffs that the court acquired no jurisdiction by such publication.

Section 140, chapter 23, Compiled Statutes, provides: "When any will shall have been delivered into or deposited in any probate court having jurisdiction of the same, such court shall appoint a time and place for proving it, when all concerned may appear and contest the probate of the will, and shall cause public notice thereof to be given by personal service on all persons interested, or by publication under an order of such court, in such newspaper printed in this state as the judge shall direct, three weeks successively, previous to the time appointed, and no will shall be proved until notice shall be given as herein provided."

The words, "three weeks successively" evidently mean a publication once each week for three successive weeks—in other words, three weekly publications—and the last publication need not necessarily be twenty-one days from the date of the first. The record shows that James Alexander resided in Dixon county and died there, and that the estate is in that county. The county court of that county, therefore, had jurisdiction of the subject-matter, and by ordering a publication of notice of the time set for the hearing of the purported will, it acquired jurisdiction to determine the validity of such instrument. It is sometimes said that a probate court is a court of special and limited jurisdiction; but this is true only in the sense that it is restricted to certain matters, such as the settlement of the

estates of deceased persons. Within its proper sphere, its judgments are entitled to the same respect as those of other courts; and, while it may err in construing a statute by. reason of which it acquires jurisdiction, yet, unless there was an absolute want of authority to proceed in the case, its judgment, although erroneous, will not be declared void. This question was carefully considered in *Miller v. Finn*, 1 Neb. 258. In that case, in an action to foreclose a mortgage on real estate, the first publication was on the 16th day of June, 1860, and was continued thence four weeks, and the defendants were required to answer on the 30th day of July following, and the notice was held sufficient. It is said, page 289, "I think the rule is settled that when the subject-matter of the suit or controversy is within the jurisdiction of the court, the defendants may be made parties by publication, if non-residents, and if notice is thus given, and the court pass upon the sufficiency of the notice and affidavit which the statute requires to be made as to the fact of the non-residence of those who are notified by publication, neither the sufficiency of the notice nor affidavit can be questioned or reviewed collaterally."

In the case cited, the affidavit for publication failed to allege that summons could not be served upon the defendants within this territory. Yet the court held it sufficient as against collateral attack, the presumption being that a non-resident could not be served with summons within the state.

The rule as stated in *Atkins v. Atkins*, 9 Neb. 191, that, where there is a total want of evidence the court acquires no jurisdiction by the publication of the summons; but that where there is not an entire omission to state some material fact, but it is insufficiently set forth, the proceedings are merely voidable, appears to be the true one. Thus, suppose there had been but one publication, or a publication once in each week for two weeks, the court would have had no authority to proceed because the terms of the statute had not been complied with. But here were three weekly

publications, and the statute as construed by the court was fully complied with. If there is error in this ruling, it is subject to review at any time within one year from the making of the same. There is no claim of an attempt to conceal the time set for the hearing, as all the defendants within the state had due notice, and appeared and filed an answer and contested the validity of the will, and no appeal was taken by them. As to the defendants without the state, further publication was made, and the hearing continued to the 28th day of December, 1885. The court clearly had jurisdiction, and its judgment sustaining the validity of the will cannot be attacked collaterally. (*McCormick v. Paddock*, 20 Neb. 486.)

The judgment of the district court is clearly right, and is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.