MARIA RECKEWEY, APPELLEE, v. JOHN WALTEMATH ET AL., APPELLANTS.

[FILED JANUARY 14, 1890.]

1. **Demurrer:** PLEADING OVER: WAIVES DEFECTS. Where there is a failure to state a material fact in a petition and a demurrer thereto is overruled and the defendant answers the petition, to which answer a reply is made setting up facts which should have been stated in the petition and which, if alleged therein, would have made it sufficient to resist a demurrer, and the case without objection is tried upon the issues thus made, and judgment rendered for the plaintiff, it will be too late for the defendant to rely upon his demurrer. (*Pottinger v. Garrison,* 3 Neb., 221.) In other words, the pleadings taken together present the necessary facts to entitle the plaintiff to recover.

2. **Finding and judgment** sustained by the clear weight of evidence.

APPEAL from the district court for Johnson county. Heard below before APPELGET, J.

*L. C. Chapman,* for appellants.

*A. M. Appelget,* for appellee.

MAXWELL, J.

This is an action of partition brought by the plaintiff against the defendant in the district court of Johnson county, and on the trial the court found the facts as follows:

"The court finds that the plaintiff, Maria Reckewey, is the widow of Henry Reckewey, deceased, and without issue as set forth in the petition, and as such widow is the owner of seven-eighths ($\frac{7}{8}$) interest in that part of lot four (4) described in plaintiff's petition, to-wit, beginning at the northwest corner of lot 4 in block 42, thence running south 70 feet, thence east 22 feet, thence south 120 feet, thence east 22 feet, thence north 190 feet, thence west 44 feet to place of beginning; and also the owner of seven-eighths ($\frac{7}{8}$) of the undivided one-half ($\frac{1}{2}$) of lots 7 and 8 in said block 42, and that the defendant, John Waltemath is the owner of the undivided one-half of said lots 7 and 8 in block 42, all being in the city of Tecumseh, Johnson county, state of Nebraska. And the court finds that defendants, Minnie Einaca, Bertha Einaca, Sophia Einaca, Louisa Einaca, Caroline Einaca, Emma Einaca, Alvina Einaca, and Willie Einaca, minors, are each the owner of one sixty-fourth ($\frac{1}{64}$) part of said lot four (4), also each the owner of one sixty-fourth ($\frac{1}{64}$) part of the undivided one-half ($\frac{1}{2}$) of said lots 7 and 8 in said block forty-two (42), which rights are subject to the dower right of the widow (the plaintiff) Maria Reckewey."

The first objection is error in overruling a demurrer to the petition on the ground that it fails to state a cause of action because it does not contain an allegation that the debts, allowances, and expenses against the estate have been paid or provided for, or that the plaintiff has given bond to secure the same.

In *Alexander v. Alexander*, 26 Neb., 68, this court held that an heir or devisee of an estate cannot main-

tain an action of distribution or partition until the debts, allowances, and expenses against the estate have been paid or provided for, unless he give a bond with approved sureties to pay the same. This, we think, is a correct statement of the law, as only the residue of an estate that remains after the debts and expenses against the estate have been paid will pass to the devisees or heirs. Had the defendants therefore relied upon 'the insufficiency of the petition and the overruling of the demurrer thereto, the judgment would necessarily be reversed. The defendant Waltemath, however, answered the petition, claiming to be a surviving partner of the firm of Reckewey & Waltemath, and that said firm owned the real estate in question as partnership property. There is also an offer in his answer to divide the property with the plaintiff in a certain manner which need not be noticed here. In the reply the plaintiff alleged that she had given a bond, which had been duly approved, for the payment of the debts, allowances, and expenses against the estate.

Upon the issues thus made the case was tried and the testimony shows that there were no debts owing by the firm of Reckewey & Waltemath, nor any obligations against that firm except the taxes on the property for 1889, that the plaintiff has a title in fee to a large portion of the real estate in controversy and a dower interest in the residue, and that the finding and judgment of the court are in accordance with the evidence. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.