## IN RE ESTATE OF WILLIAM SPICER.

**EXECUTORS AND ADMINISTRATORS:** Settlement of Estate—Sale of Real Estate—Timely Application. An application for the sale of the real estate of a deceased in order to pay debts is timely if presented within a reasonable time after the necessity for such action is apparent. Especially is this true when the necessity for such action has been long delayed by the litigation carried on by the party who objects to the sale.

Headnote 1: 24 C. J. p. 575.

*Appeal from Hamilton District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 15, 1927.

The heirs of William Spicer, deceased, appeal from a judgment ordering sale of real estate for payment of debts.—*Affirmed.*

*Martin & Alexander*, for appellants.

*R. G. Remley*, for appellee.

MORLING, J.—The contention is that the petition to sell real estate was filed too late. Notice of appointment was first published October 13, 1921. On October 12, 1922, Jane Spicer filed claim for $15,045. On October 31, 1922, and again on April 17, 1923, the present appellants filed motions attacking the claim. These motions were overruled May 23, 1923. On January 16, 1924, the present appellants filed answer to the claim. The claim was allowed February 8, 1924, and on the same date the present appellants appealed to this court. The allowance of the claim was affirmed here March 17, 1925. On April 11, 1925, the appellants served notice of intention, and on May 1, 1925, petition for rehearing. Rehearing was denied December 17, 1925 (*Spicer*

*v. Administrator*, 201 Iowa 99). The administratrix filed reports April 22, 1922, December 14, 1922, and December 31, 1925. These showed that the administratrix took possession of the real estate and collected and accounted for the rentals because of the nonresidence of the other heirs. The report of December 31, 1925, showed a balance of $10,976.82 cash in hand, and that all the personal property had been converted into cash except one note of $1,090.40. In the report of December 31, 1925, the administratrix stated that, since her last report, "the claim of Jane Spicer against said estate in the sum of $15,045, together with interest at 6 per cent per annum from and after the 14th day of September, 1921, has been proved up and allowed by the district court and finally affirmed by the Supreme Court. That said claim and the costs of closing said estate have not yet been paid, and that, as shown above, there is not enough personal property out of which to pay the same." The petition for sale of real estate sets out that, on the date it was filed, administratrix had filed her report, showing a full statement of all unpaid claims, and rendering a full account of the disposition of the personal property. It further set out that:

"As shown by said report, which has been approved by this court, the unpaid claims against said estate amount to the sum of nineteen thousand ($19,000.00) dollars. That there is now in the hands of this administratrix the sum of $10,976.82. That the total indebtedness of said estate over and above the personal assets is approximately the sum of twenty-one thousand ($21,000.00) dollars. That the decedent died seized of the following described real estate, to wit: [here describing the property sought to be sold]."

The appellants contend that the jurisdiction of the court depended upon the bringing of the action within the time limited for filing claims, and that, unless equitable excuse is pleaded, the court is without jurisdiction.

The administrator cannot know until the expiration of the year what claims will be filed. When claims are filed and contested, he cannot know until the determination of the contest whether they will be allowed. In a case such as this, where there is sufficient personal property to pay all claims not contested, and there are contested claims, he cannot tell until the contest is determined whether the real estate need be resorted to. The

court is not without jurisdiction to allow an application for sale made after the year has expired. Appellants say in argument that the order must be made within 18 months, unless equitable circumstances exist. The statute fixes no time limit for petition for the sale of real estate. The title of the heirs ought not to be clouded or in suspense indefinitely, and there should be some time when they may safely take possession and exercise their rights as owners. It is for this reason that the application should be made within a reasonable time, and a long delay should be excused by showing the existence of equitable circumstances. *McCrary v. Tasker*, 41 Iowa 255; *Conger v. Cook*, 56 Iowa 117; *Reed v. Reed*, 94 Iowa 569; *Milburn v. East*, 128 Iowa 101; *Flora v. Brown*, 159 Iowa 253. An application for sale will be denied if made before the amount of the indebtedness is ascertained and if the necessity of the sale is not made to appear. *Rabbett v. Connolly*, 153 Iowa 607. In this case the delay was caused by the defense made by the present appellants to the claim, the allowance of which necessitates the sale. Their defense was rejected by the trial court. They appealed to this court, and asked for a rehearing of the decision adverse to them. In two weeks after their petition for rehearing was overruled, the present application was filed. The appellants are in no position to claim that the delay was unreasonable or unjustified.

It is argued that the claimant "held back her claim for practically a year after her appointment." The law gave her the year. Appellants argue that, if the circumstances had been alleged in the petition, "it might have been within the discretion of the court to have granted the relief prayed." The proceeding is in probate. The administration of the estate is conducted by the administrator, under the supervision of the court. The petition and report show the circumstances. They were filed on the same day. They were before the court. The petition referred to the report. There is no merit in the appellants' contention.

Motion to dismiss, presenting serious questions upon the right of the appellants to maintain this appeal, has been filed, but we do not find it necessary to consider it.

The judgment is—*Affirmed*.

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.