SETH MARKLE ET AL., APPELLANTS, v. PHŒBE MARKLE ET AL., APPELLEES.

FILED NOVEMBER 7, 1930.  No. 27409.

*Norval Brothers* and *Perry, Van Pelt & Marti,* for appellants.

*Kinsinger & Ogden, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an action for partition of real estate between the heirs of Volney A. Markle, deceased.  The petition alleges the necessary facts showing title.  All heirs, including the widow of deceased, were joined as plaintiffs or defendants, and some others as having an interest in or lien upon the property.  The petition then alleged "that the said deceased left no debts, claims or expenses against his said estate."

The defendants filed separate demurrers to the petition on the ground that it did not state facts sufficient to con-

stitute a cause of action. The demurrers were sustained and, plaintiffs electing to stand on the petition, the action was dismissed, and plaintiffs appeal.

The point raised by the demurrers is that the district court was without jurisdiction to grant the prayer of the petition. The point is well taken.

Section 1441, Comp. St. 1922, provides: "No heir * * * shall be entitled to a decree for his share until payment of debts and allowances and expenses mentioned in the preceding section shall have been paid or provided for, unless he shall give bond to the county judge." The allowances referred to are such as may be made during administration by the county court for the expense of the maintenance of the family of deceased, and support of children under seven years of age. The allegations of the petition do not negative the existence, present or prospective, of an allowance for the maintenance of the widow pending administration, though it does show that all the children are of age; neither does it allege that such allowance, if made, has been provided for.

The case is ruled by *Alexander v. Alexander,* 26 Neb. 68, wherein it was held: "An heir or devisee of an estate cannot maintain an action for distribution or partition until the debts, allowances, and expenses against said estate have been paid or provided for, unless he give a bond with approved sureties to pay the same." This case was followed in *Reckewey v. Waltemath,* 28 Neb. 492. No administration of the estate had been commenced at the beginning of this action, but this fact does not alter the rule. The judgment is

AFFIRMED.