ELSIE HAMSHER, APPELLANT, V. DENA FISHER: JAMES
FAIRHEAD, ADMINISTRATOR, ET AL., APPELLEES.
277 N. W. 380

FILED JANUARY 27, 1938. No. 30015.

*Ralph W. Slocum* and *Thomas E. Dunbar*, for appellant.

*William H. Pitzer* and *Marshall Pitzer*, contra.

Heard before ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and HASTINGS and RINE, District Judges.

CARTER, J.

The plaintiff commenced this suit to obtain a partition of certain real estate in Otoe county. Two of the defendants demurred to the petition and the trial court dismissed the suit. From this order, plaintiff appeals.

The petition discloses that Henry J. Abker died intestate on January 24, 1932, seised of the real property involved herein and of which plaintiff claims to be the owner of a one twenty-fourth interest. A petition for the administration of the estate was filed in the county court of Otoe county on January 28, 1932, and on February 24, 1932, an administrator was appointed. On June 19, 1936, the date the partition suit was filed, it appears that the administration of the estate had not been completed and that neither a decree of heirship nor a decree of distribution had been entered in the probate proceeding.

The basis of the demurrer was that the "administration of the estate of Henry J. Abker is incomplete and that there is a continued liability on the real estate sought to be partitioned in this action for unsatisfied undetermined

estate obligations, the determination of which is within the jurisdiction of said county court, and for these reasons this court is 'without jurisdiction to entertain and consider issues in an action in partition of said land."

Defendants overlook the fact that the petition alleges that plaintiff has given a bond to the county judge of Otoe county to secure the payment of her just proportion of the debts, allowances and expenses of the estate remaining unpaid. This is a compliance with section 30-1304, Comp. St. 1929, and entitled the plaintiff to maintain the partition suit even if the administration of the estate is not completed. This rule was announced in the early case of *Alexander v. Alexander*, 26 Neb. 68, 41 N. W. 1065, wherein the court said: "An heir or devisee of an estate cannot maintain an action for distribution or partition until the debts, allowances, and expenses against said estate have been paid or provided for, unless he give a bond with approved sureties to pay the same." Other cases supporting this rule are *Schick v. Whitcomb*, 68 Neb. 784, 94 N. W. 1023; *Markle v. Markle*, 120 Neb. 412, 232 N. W. 770; *Blochowitz v. Blochowitz*, 130 Neb. 789, 266 N. W. 644; *Ladman v. Ladman*, 130 Neb. 913, 267 N. W. 188.

Assuming the truth of all allegations of fact in plaintiff's petition that are well pleaded, as we are required to do on demurrer, we conclude that the petition states a cause of action in partition and that the district court for Otoe county was clothed with jurisdiction to hear the same.

Defendants contend that the appeal should be dismissed for the reason that there was no final order entered from which an appeal could be taken. The judgment of the trial court discloses that, after the demurrer to the petition was sustained, the plaintiff elected to stand on her petition and the petition was dismissed. This is a final order from which an appeal can be taken and is so fundamental that no citation of authority is required.

For the reasons herein given, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.