MAGGIE SOPPE, Appellant, v. WILBUR H. SOPPE, Executor, et al., Appellees.

No. 46188.

MARCH 9, 1943.

E. C. Halbach, of Clinton, for appellant.

Schoenthaler & Lee, of Maquoketa, for Wilbur H. Soppe, executor and appellee.

J. P. Degnan, of Bellevue, for H. J. Wagner and Clara Steines, objectors and appellees.

GARFIELD, C. J.—Mike Wagner died on April 26, 1939. His will was admitted to probate and Wilbur H. Soppe was appointed executor on June 30, 1939. Notice of the executor's appointment, as directed by the court, was given on July 9, 1939. On March 9, 1940, Maggie Soppe, a daughter of decedent, filed with the clerk of the district court her verified claim against the executor based on a promissory note for $1,000 made by decedent. Copy of the note, payable to claimant on demand, dated July 16, 1936, was attached to the claim.

On June 4, 1941, the executor filed his final report in which the claim of Maggie Soppe was set out as a valid claim. H. J. Wagner and Clara Steines, son and daughter of decedent, brother and sister of claimant, filed objections to the report, alleging that the claim of Maggie Soppe should not be paid because it was a claim of the fourth class and no notice thereof had ever been served upon the executor and the claim had never been legally allowed. Claimant, by way of answer and resistance to these objections, alleged that the claim was allowed and adjudicated by a court order dated October 25, 1940, in which the executor was directed to sell decedent's real estate to enable him to pay her claim and other enumerated obligations. The executor also filed a pleading containing the same allegations.

Following a trial, the court held that the claim of Maggie Soppe had never been legally allowed and denied the same. From this order, claimant has appealed.

Appellant's claim, not having been filed within six months from the posting of notice of the executor's appointment, is of the fourth class. Section 11970, Code, 1939. Code section 11972 provides:

"All claims of the fourth of the above classes, not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within twelve months from the giving of the notice aforesaid, will be barred, * * * unless peculiar circumstances entitle the claimant to equitable relief."

This statute is one of limitation and does not prescribe the method of filing claims or serving notice of hearing thereon. Section 11957 provides for the filing of claims and section 11959 for the service of notice of hearing. Lucas v. Ruden, 220 Iowa

494, 499, 260 N. W. 60. Section 11972 requires two things to be done within the twelve months: first, that claims of the fourth class be filed, and, second, that notice thereof be served. The claim is barred if either requirement is not met "unless peculiar circumstances entitle the claimant to equitable relief." Meier v. Estate of Briggs, 221 Iowa 482, 483, 489, 265 N. W. 189, and cases cited.

Here no notice of hearing on the claim was served within the twelve months. Appellees contend the claim is therefore barred. Appellant maintains, however, that even though no notice of the claim was served, the court order of October 25, 1940, is an adjudication of the validity of her claim which is binding upon appellees.

The order of October 25th was in response to the executor's verified report and application to sell real estate, dated October 10, 1940. As required by Code section 11933, the application contained a full statement of the four claims against the estate, with name of each claimant, amount of the claim, and date of filing. The claim of Maggie Soppe was properly described. The principal of the other three claims totaled $800. The prayer of the report and application was that an order be made approving it, that time and place of hearing and manner of notice thereof be prescribed, and that the executor be empowered to sell the real estate (describing it) to secure funds with which to pay the claims against the estate. The court fixed October 21, 1940, at the courthouse in Clinton as the time and place for hearing the application, and prescribed the notice to be given the claimants and heirs. Actual notice was given, as directed by the court, to all interested parties, including these objectors. The appellee H. J. Wagner, son of decedent, was both an heir and a claimant, he having filed a claim on a promissory note for $300.

The order of October 25th contains a finding of due notice as previously ordered and directs the executor to sell the real estate. The order further provides:

"It is further ordered that said Executor is authorized to sell said real estate to pay and discharge the debts and obligations owing by said estate, and the obligations as enumerated in said application are just, proper and legal obligations owing by

said estate. \* \* \* All of which is hereby duly ordered, adjudged and decreed.''

No exception was taken to this order and no appeal was ever taken therefrom. Subsequently, the executor reported the sale of the real estate, to which the objectors gave their written consent.

We hold that the order of October 25th constitutes an adjudication of the validity of the claim of Maggie Soppe which is binding upon these objectors in this proceeding and that the learned trial court erred in holding otherwise. It should be kept in mind that this is not an appeal from the order of October 25th. No direct attack upon that order has ever been made. It should also be remembered that the order was not ex parte. We have frequently held that ex parte orders in probate do not amount to adjudications and are subject to review. They are merely prima facie correct. In re Estate of Robinson, 231 Iowa 1099, 3 N. W. 2d 158, 160, and cases cited. We have also said that an allowance of a claim by the clerk or by an administrator without an order of court is subject to review on objections thereto when the final report is presented. In re Estate of Nicholson, 230 Iowa 1191, 1207, 300 N. W. 332, and cases cited; In re Estate of Baker, 226 Iowa 1071, 1075, 285 N. W. 641; In re Estate of Kinnan, 218 Iowa 572, 574, 255 N. W. 632. Had the allowance of this claim been by ex parte order or by the executor, without court order, such allowance would be reviewable by appellees upon objections to the final report.

We have repeatedly held, however, that a court order allowing a claim, when the administrator has been present in court or represented by counsel, is a final adjudication unless corrected on appeal, in the absence of fraud or collusion between the claimant and the executor. In re Estate of Nicholson, supra, and cases cited; In re Estate of Kinnan, supra, and cases cited; In re Estate of Davie, 224 Iowa 1177, 1181, 278 N. W. 616, and cases cited. This rule is applicable here.

The trial court held that the order of October 25th did not constitute an adjudication because the prayer of the application to sell real estate did not ask specifically for the allowance of the claims and therefore the order to that effect was outside the issues. We reach a different conclusion.

An adjudication is final and conclusive as to all matters incident to or essentially connected with the subject matter in litigation. Smith v. Russell, 223 Iowa 123, 128, 272 N. W. 121, and cases cited; Wheatley v. City of Fairfield, 221 Iowa 66, 75, 264 N. W. 906, and cases cited. We think the allowance of the claims was fairly incident to or essentially connected with the application for authority to sell real estate in order to secure funds to pay those claims. We have said that real estate should not be ordered sold until the amount of the indebtedness has been ascertained and the necessity for the sale is apparent. In re Estate of Spicer, 203 Iowa 393, 395, 212 N. W. 689.

When the application was made, the twelve months for filing claims had expired. It was as apparent then as now that notice of this claim had not been given. These objectors then had full opportunity to raise that question. The adjudication precludes them from raising it now.

In the early case of Mead v. Mead, 39 Iowa 28, 32, an administrator made application for the sale of real estate to pay a claim which had never been filed. After the order was made, the widow sought to avoid it because of failure to have the claim filed. The court said:

"When the administrator made application to the court, for authority to sell the land for the payment of these mortgages, he thereby recognized and admitted the claims as being just claims against the estate, whether they were formally filed or not; but even if this filing was necessary, the objection cannot be urged now by a party who had an opportunity, as we must presume the plaintiff had, to object before the order of sale was made."

Furthermore, technical rules of pleading are not strictly applied in probate proceedings. In re Estate of Stratman, 231 Iowa 480, 487, 1 N. W. 2d 636, 642, and cases cited. Closely in point is In re Estate of Carpenter, 232 Iowa 919, 929, 5 N. W. 2d 175, 180, where we say:

"The fact that there was no prayer for the allowance of the claim in the widow's application, and that it was not expressly adjudged to be a claim of the third class, does not defeat the

claim. In re Estate of Davie, 224 Iowa 1177, 1180, 278 N. W. 616. It is a well-established rule that strict rules of pleading and strict conformity of proof to allegations are not required in probate proceedings.''

In re Estate of Davie, cited in the Carpenter case, also upholds the validity of a probate order without a specific prayer for all the relief granted. See, also, In re Estate of Sterner, 224 Iowa 605, 615, 617, 277 N. W. 366, 372, where a claim was filed after the year for filing claims. We held the order of allowance was a final adjudication which would not be set aside, saying:

''We are not inclined to make the determination of this matter in this probate proceeding rest only on fine technicalities of pleading, when the result will be the setting aside of the allowance of a claim upon which there is shown to have been a full hearing * * *.''

McLeary v. Doran, 79 Iowa 210, 213, 215, 44 N. W. 360, 361, 362, is persuasive authority. There a claim was filed after the year and no notice thereof was ever served upon the administrator. At a hearing attended by the administrator, the court allowed the claim on the theory that there were equitable circumstances to excuse the failure to file. By objections to the administrator's report, heirs attacked the order of allowance because the claim contained no allegation of any equitable circumstances and for other reasons. This court, however, held the order was a final adjudication which the heirs could not attack except upon a showing of fraud or collusion between the administrator and the claimant. In the opinion, which has been frequently cited in later decisions, it is said:

''It is claimed in behalf of appellants that the order allowing the claim is void on the face of the record, because the claim was filed after the expiration of one year from the giving of notice of administration, and it contained no averment of any equitable circumstances which would excuse the failure to file and prove the same within the year. This may be a good reason for compelling the claimant to amend the statement of his claim,

but the defect did not, in our opinion, affect the jurisdiction of the court. * * *

"If the decision of the court in allowing the claim was erroneous, the error could have been corrected on appeal; and we know of no other way to attack it, unless it be by a proceeding based upon fraud."

Numerous other cases in line, generally, with McLeary v. Doran, are cited in In re Estate of Nicholson, 230 Iowa 1191, 1208, 300 N. W. 332.

So far as the record shows, the note on which this claim is based is valid, just, and unpaid. An eyewitness, presumably disinterested, testified that he saw decedent sign the note and deliver it to appellant. The estate is perfectly solvent. The claim should not have been denied.

Appellees' motion to dismiss the appeal and appellant's motion to strike appellees' amendment to abstract are both overrruled.

With instructions to allow the claim of Maggie Soppe, this cause is—Reversed and remanded.

All JUSTICES concur.