## In the Matter of the Estate of Henry Baumhover, Deceased.

**Estates of decedents:** CLAIMS: LIMITATIONS: EVIDENCE. An administrator is not necessarily bound to plead the statute of limitations against a claim, which he believes to be just. In this action the claims of relatives for services rendered deceased after they had obtained their majority are held under the evidence to have been properly allowed by the administrator.

**Same:** EVIDENCE: TRANSACTIONS WITH A DECEDENT. The testimony of the administrator of his father's estate, regarding a conversation with his father on the subject of certain claims against the estate, when offered and received in evidence as bearing upon the good faith of the administrator in allowing the claims was competent; and not within the prohibition of section 4604 of the code.

**Same:** APPEAL: TRIAL *de novo.* An issue of fact involving final settlement of an estate is not triable *de novo* on appeal.

*Appeal from Carroll District Court.*—Hon. Z. A. Church, Judge.

Saturday, April 8, 1911.

Controversy over the final report of administrators. The objections filed thereto were overruled by the trial court, and the objectors have appealed. *Affirmed.*

*George W. Bowen,* for appellants.

*Chas. C. Helmer,* for appellees.

Evans, J.—Henry Baumhover died in June, 1904, and left surviving him a widow and several children. Two of the sons, Herman and Lambert, were appointed administrators of his estate. The estate was kept open for four or five years. The administrators in the meantime operated a certain mill property which was operated by the deceased in his lifetime. No criticism is made of their general administration of the estate, but complaint is directed toward certain claims which were filed against the estate, and which were approved and paid by the administrators. The claim is that all such claims were "illegal and unjust and barred by the statute of limitations." Assuming for the purpose of our consideration that the statute of limitations could have been pleaded successfully as against each of them, such fact of itself is not sufficient to sustain the objections. Such fact is sufficient to invite the scrutiny of the court to the conduct of the defendants. But the ultimate question at this point is whether the defendants acted without fraud or collusion and in good faith.

The rule in this state is that an administrator is not necessarily bound to interpose the plea of the statute of limitations against a claim which he believes to be justly

due from the estate. *Trimble v. Marshall,* 66 Iowa, 233; *Welch v. McGrath,* 59 Iowa, 519. This rule obtains in many other states, whereas still others follow the converse rule. See the cases collated in 18 Cyc. 425. The case before us furnishes a marked illustration of the reasonableness of the rule obtaining here.

1. Estates of decedents: claims: limitations: evidence.

The claims referred to were allowed in favor of two sisters and a brother and of one Bauer, a stepson of the deceased, for services rendered by the claimants to the deceased after they had obtained their majority. There was also an allowance of $450 to the stepson Bauer as money received in trust by the deceased for his stepson from the estate of an uncle many years before. The facts in relation to these claims were personally known to the administrators, and they believed them to be just. Shortly before his death the deceased father had asked Herman to see that these amounts were paid. The personal interest of each administrator was adverse to the allowance. There is no claim of any collusion or ulterior motive or advantage of any kind to the administrators in such payment. The trial court found that the administrators acted in the best of faith in giving their approval to the claims, and we are well satisfied with such finding. Indeed, we are impressed that it might have been morally wrong to have interposed the statute against some of these claims.

II. The administrator, Herman, testified to conversations with his father on the subject of these claims. Objection was made to his competency under the provisions of section 4604. It is to be noted that the allowance of the claims referred to was not the issue under consideration before the court. The testimony was received as bearing upon the good faith of the administrator in his approval of the same. We do not think that the prohibitions of section 4604 have any application to the case.

2. Same: evidence: transactions with a decedent.

III.   In their final report the administrators asked an allowance to themselves of the statutory percentage on some of the funds which had passed through their hands.

3. SAME:
appeal:
trial
*de novo.*

The amount so claimed was $449.44.   They also asked the allowance of a reasonable attorney's fee for their attorney.   Objection was made to this claim on the ground that the administrators had agreed to serve without compensation.   The trial court allowed the full amount claimed, and allowed an attorney fee of $50.   The objectors introduced some testimony in support of their objections in this regard. We find it very meager and unsatisfactory.   The case is not triable here *de novo.*   Under the evidence, we think the finding of the trial court is quite conclusive upon us. We are impressed, also, with the reasonableness of the amount allowed in view of the size of the estate and the length of time during which the administration was pending.   We think the order of the trial court should in all respects be *affirmed.*