IN RE ESTATE OF L. B. GRAY, Deceased.

J. T. NORRIS, Appellant, v. W. L. SMITH, Administrator, et al., Appellees.

**EXECUTORS AND ADMINISTRATORS:** Allowance of Claims— Setting Aside Allowance. Orders in probate allowing claims on *ex parte* showing may be set aside on application of one adversely interested, especially (a) when such application to set aside is promptly made, at the *same term* at which the order of allowance is entered; (b) when such application shows a defense to such

claim; and (c) when such order of allowance is based on an allowance by an administrator of claimant's own choosing, and apparently without the taking of any testimony. (See Sections 243 and 3399, Code, 1897.)

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

WEDNESDAY, NOVEMBER 22, 1916.

THIS is an appeal by J. T. Norris, claimant, from certain orders of the district court in probate in the estate of L. B. Gray, deceased.—*Affirmed.*

*E. P. Hudson* and *R. L. Hudson,* for appellant.

*Charles J. O'Connor* and *Tomlinson & Gilmore,* for appellees.

DEEMER, J.—L. B. Gray, a resident of Chicago, Illinois, died in that city on November 24, 1912. His widow, Isobel, and three sons survived, and they were each and all non-residents of this state. On April 16, 1915, J. T. Norris, claiming to be a creditor to the amount of $370, and interest, of the estate, petitioned that letters might issue to one W. L. Smith, it being alleged that, shortly before his death, deceased conveyed lands lying in Polk County, Iowa, to his widow, Isobel Gray, without consideration, for the purpose of defrauding his creditors, and especially Norris. It was also alleged that he had made like conveyances of certain lands in Hardin County, and that he left no other property in the state. It was also alleged that deceased left no will. Upon presentation of this petition, the presiding judge made an order granting the prayer, and fixing the bond of the administrator at $800. On July 29, 1915, the bond was filed and approved, and, on the same day, Norris filed his itemized claim for labor, etc., amounting to $408.31. On the same day, Smith, the administrator, approved the

EXECUTORS AND ADMINISTRATORS: allowance of claims: setting aside allowance.

claim and recommended the payment, and immediately made his report, setting forth his actions in the premises, including the allowance of the Norris claim, reporting that there was no property of the estate save that which it was claimed was conveyed in fraud of creditors, asking that his action in allowing the claim be approved, and that he, as administrator, be authorized to file a .creditor's bill, to subject the land in Polk County to the payment of the claim.   This matter was, on the same day, brought to the attention of the presiding judge, whereupon the following order was made:

"It is hereby ordered and adjudged by the court that said claim of the said J. T. Norris, amounting to $408.31, with interest at six per cent per annum from this day, is hereby allowed, established and approved as a claim of the ........ class against the estate of the said L. B. Gray, deceased.   The said W. L. Smith, administrator of- said estate, is further ordered and directed to commence an action in the district court of Polk County, Iowa, to subject the land described in his said report to the payment of. said claim and interest and costs and the costs of this administration, and to prosecute said action to decree and sell said land, or so much thereof as may be necessary to pay said claim and interest and costs and the costs of this administration, and to report to this court from time to time his doings in the premises.                    Chas. A. Dudley,

"Judge of the Ninth Judicial District of the State of Iowa."

A petition in equity to so subject the land was filed in the district court of Polk County on July 29, 1915, the same having been verified, on July 27th, by Smith.

On August 10th, the surviving widow appeared, and filed a motion to set aside the allowance of the Norris claim, and the entire order of the judge, made on July 29th.   In this motion, she showed that deceased left a will, which had been duly admitted to probate in Cook County, Illinois; that she was the sole and only legatee under the will; that the estate had been closed and all matters adjusted prior to the time

the petition was made in this state for letters of administration. It was also shown that the appointment of the administrator in this state was without notice, and that she had no notice or knowledge thereof; that the Norris claim was without foundation, and without merit, and was allowed without any notice to her; and that no notice of any kind was given to her, or any of the heirs, of the proceedings. Resistance to this motion was made by Smith, the administrator, and by Norris, and, upon a hearing, the presiding judge made an order setting aside the former orders allowing the Norris claim, and the approval thereof, and the cause was set down for a hearing on the claim, on October 9, 1915. In view of the claim of fraud in the transfer of the land, the court ordered the widow not to sell the same, pending the hearing of the claim. Norris excepted to these orders, and now appeals. It also appears that, after this last order was made, the widow filed a motion to require Norris to make his claim more specific. which motion was sustained; but Norris seems to have paid no attention to this order. Instead, he prosecuted his appeal to this court.

It is claimed for appellee that the administrator's report of July 29th, 1915, was never filed or entered of record, either in the probate or district court of Polk County, and that neither the original nor a copy is on file there now, or had ever been filed. It is also shown that, on August 6, 1915, the administrator, Smith, filed an inventory, in which he stated that deceased left no personal property and no real estate, save that which he, the administrator, believed he could subject to the payment of claims against the estate.

It will be observed that practically all the orders in this estate, save the last, setting part of the previous orders aside, were made on July 29, 1915; and it should also be noted that the motion to set aside these orders, or some of them, was made at the same term of court as the original orders, and that they were made in probate, which court is always open, and that they were, each and all, save, perhaps, the allow-

ance of the claim, intermediate orders, which, as a rule, are always under the control of the court, until the final settlement of the estate. It is also true that, in resistance to the widow's motion to set aside the allowance of the Norris claim, affidavits were attached, tending to establish the claim; but this is not, in itself, sufficient to defeat the widow's application to set aside the order. The matter of the validity of the claim must be heard on testimony taken in open court.

Both sides, in argument, make wide departures from the record, and indulge in statements pro and con which we cannot and should not consider. The only question in the case is whether or not, under the record before us, the trial court erred in setting aside the allowance of the Norris claim by the administrator, and the approval thereof on the same day by the court on an *ex parte* showing. We are constrained to hold that there was no error. While, for some purposes, the allowance of a claim by an administrator, and an approval thereof by the judge, constitutes a judgment, it is not, until final settlement, such a judgment as that it cannot be reviewed, especially where, as here, the motion to set aside the allowance is at the same term, and within a few weeks of the time, the original order was made. Necessarily, a wide discretion is vested in the probate court in such matters, especially where the original approval is of an allowance made by an administrator selected by the claimant himself, and it does not appear that any testimony was taken, either by the administrator or by the court. Upon a substantial objection and show of defense to the claim, such as was here made, it became the duty of the court to set aside the allowance, in order that a fair hearing be had upon the claim.

It is hardly necessary to cite authorities in support of these propositions. Either because of the broad powers of the court, under Section 243 of the Code, or the inherent power of the court to modify and change its conclusions during a term of court, or by reason of the provisions of Section 3399 of the Code, there can be no doubt of the power

of the court to set aside such an allowance as was here made. Section 3399 reads as follows:

"Any person interested in the estate may attend upon the settlement of his accounts and contest the same. Accounts settled in the absence of any person adversely interested, and without notice to him, may be opened within three months on his application."

If authorities be needed, we cite a few in support of our conclusion: *Van Aken v. Welch*, 80 Iowa 114; *Ordway v. Phelps*, 45 Iowa 279; *Willett v. Malli*, 65 Iowa 675; *Smith v. Shawhan*, 37 Iowa 533; *In re Estate of Davenport*, 85 Iowa 293; *Dorris v. Miller*, 105 Iowa 564; *In re Estate of Douglas*, 140 Iowa 603; *Rabbett v. Connolly*, 153 Iowa 607; *McDermott v. McDermott*, 138 Iowa 351.

Some of the cases are directly in point. We shall not quote from them, as it would serve no useful purpose. There never was a final hearing of the claim, under Sections 3340 and 3341, Code, 1897.

Appellees' motion to strike the reply brief of appellant is overruled. The trial court did not err in sustaining the motion, and its orders are—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.