In re Estate of C. C. Chismore.

Anna Chismore Lowry, Administratrix, Appellant, v. Ed Le Clere et al., Appellees.

**APPEAL AND ERROR:** Review—Scope—Orders in Probate. Principle reaffirmed that appeals from orders in probate are not tried *de novo.*

**TRIAL:** Verdict—Findings in re Probate. An excessive allowance to an administrator may, on appeal, be *reduced*, but an allowance may not be *increased.*

**EXECUTORS AND ADMINISTRATORS:** Accounting and Settlement —Credit for Attorney Fees. An administrator is entitled to *some* fair and reasonable allowance for the services of an attorney who, in good faith, and with the acquiescence of the administrator, and in the necessary absence of the regular attorney for the estate, performs services which are necessary for the protection of the estate.

**EXECUTORS AND ADMINISTRATORS:** Accounting — Canceling Interlocutory Order. Orders entered on intermediate reports should not be vacated without a showing that the same were erroneously, improperly, or improvidently granted.

**EXECUTORS AND ADMINISTRATORS:** Accounting—Credit for Expert Services. An administrator who has, in good faith and for the necessary protection of the estate, employed accountants to give expert testimony in actions against the estate should, on final report, be given *some* allowance for such services.

**EXECUTORS AND ADMINISTRATORS:** Allowance to Surviving Wife. Allowances to the surviving wife must be left to the fair discretion of the court.

*Appeal from Linn District Court.*—Milo P. Smith, Judge.

SEPTEMBER 19, 1922.

APPEAL from an order of the district court in passing upon the final report of an administratrix.—*Affirmed in part; reversed in part.*

*Grimm, Wheeler & Elliott,* for appellant.

*Voris & Haas,* for appellees.

FAVILLE, J.—Appellant is the administratrix of the estate of one C. C. Chismore, deceased. On October 27, 1919, she filed her final report as such administratrix. In said report, she charged herself with having on hand a certain amount of money, and averred that, in pursuance of a previous order by the court, she had paid out certain sums for attorneys' fees, and asked further allowances for attorneys' fees, court costs, doctors' bills, funeral expenses, and cost of a monument, paid out by her, and for the allowance of certain bills presented to her for attorneys' fees and for the bill of accountants. Objections to said final report were filed by creditors of the said decedent, and upon a hearing, the court made the order appealed from.

The court set aside a previous order making a second allowance to the widow for her support. He disallowed entirely the item claimed by the administratrix for the services of the accountants. He disallowed interest on the bill of the physician who attended the decedent, also on the bill for funeral expenses, and for a monument. He made an allowance of $1,200 "for all attorneys' fees for all services rendered by all attorneys from the commencement of the administration, including services in making final report and distribution," and provided how said sum so allowed should be apportioned among the several attorneys who had performed services in the estate, disallowing entirely one claim for such services.

The errors urged on this appeal refer to three matters: namely, the refusal to allow attorneys' fees, as claimed; the vacation of a previous order of widow's allowance; and the rejection of a claim for services of an accountant.

I. This being an appeal in probate from the order of the court upon the final report of the administratrix, it is not triable

*de novo* in this court. We can only review errors of law com-

**1. APPEAL AND ERROR: review: scope: orders in probate.** mitted by the trial court in passing upon the final report of the administratrix. *In re Estate of Baumhover,* 151 Iowa 146; *In re Estate of Clark,* 151 Iowa 511; *Lohman v. Mockler,* 190 Iowa 578.

We must treat the order of the trial court much as we do the verdict of a jury. We can reduce the amount of an allowance made to the administratrix on any item, in the same man-

**2. TRIAL: verdict: findings *in re* probate.** ner that we have power to order a reduction of an excessive verdict, and for like reasons. But we cannot, under such circumstances, review the questions of fact, and *increase* the amount allowed by the trial court, any more than we can increase the amount of the verdict of a jury.

The storm center of this controversy is in regard to the allowance for attorneys' fees. It appears from the record that the decedent died in January, 1912, and his widow was ap-

**3. EXECUTORS AND ADMINISTRATORS: accounting and settlement: credit for attorney fees.** pointed as administratrix shortly thereafter. Decedent was a farmer, owning 200 acres of land and considerable personal property, consisting mostly of live stock and farm machinery. The personal property sold for $1,054. The administratrix collected certain rents, aggregating about $900, and real estate was sold; and after a mortgage outstanding had been paid, and the widow's one third had been set aside, the balance was turned over to the administratrix; and it appears from her report that the total assets of the estate coming into her hands aggregated $7,374.73. The claims filed against said estate, as shown by the report of the administratrix, amount to $13,026.72.

It appears from the record that the decedent was somewhat litigious. During his lifetime, he had commenced a suit in replevin at Manchester against one Bailey, to recover a note of $500 which he claimed was a forgery. The decedent employed the firm of Carr & Carr, attorneys at Manchester, to conduct this litigation, which was continued after his death by the substitution of the administratrix as plaintiff. The case was tried and won for the plaintiff. An appeal was taken to this court, where the cause was affirmed because of failure to file abstract under the rules.

In the meantime, a petition for new trial had been filed in the district court. This was granted. Thereafter, Carr & Carr withdrew from the case.

In the meantime, the administratrix had employed J. H. Preston and E. C. Preston, attorneys at Cedar Rapids, to represent her in the estate, and they were later succeeded by Attorneys Wheeler & Elliott, of Cedar Rapids.

After the new trial was granted, E. B. Stiles, of Manchester, was employed as local counsel in the case. At the time the case was brought on for trial the second time, Wheeler was unable to attend the trial, and requested J. H. Trewin, of Cedar Rapids, to help Stiles try the case, which he did. The case was tried, and the administratrix was defeated.

In connection with this litigation, Carr & Carr presented a bill to the administratrix for $150, Judge Stiles presented a bill for $150, and the firm of which Trewin was a member presented a bill for $350 and expenses. The services of the firm of which Wheeler was a member covered a large number of matters besides those connected with the Bailey case, but their charge for services in said cause, when segregated from other items, was approximately $250.

The court, in connection with the said Bailey case, allowed for attorneys' fees as follows: E. B. Stiles $75, Carr & Carr $100, E. C. Preston and C. E. Wheeler and his firm, for all services in connection with the entire estate, the total sum of $1,025. It entirely disallowed any claim for the services of Trewin.

It appears from the evidence that Trewin had been consulted by the bondsman who was on the replevin bond in the Bailey case. The bondsman was not a party to the suit, but was interested in the outcome. Trewin had promised him, in a rather informal way, to look after his interests in connection with the matter, but did not expect to try the suit. He had not accepted a retainer, and made no charge to the bondsman. Wheeler, being unable to try the case, requested Trewin to try it for the estate in his stead, and Trewin did so. The trial occupied five days, and time was spent thereafter in submitting the motion for new trial. Trewin appealed the case to this court, at the instance of the bondsman, and the case was affirmed. No

charge was made by him to the estate for the services connected with the appeal.

The administratrix apparently fully acquiesced in the action of Wheeler in securing Trewin to act in his stead in trying the case.

No evidence whatever was offered by the objecting creditors in regard to the value of the services of the attorneys in connection with this litigation, and the evidence of the attorneys who performed the services and of other attorneys who were offered as expert witnesses was to the effect that the charges made were fair and reasonable.

In actions for attorneys' fees, the court or jury is not absolutely bound by the evidence of expert witnesses in regard to the value of such services, but such evidence is admissible. *Clark v. Ellsworth*, 104 Iowa 442, 451.

In an action of this character, where the administratrix is asking for an allowance for attorneys' fees, the fact that she has expended the money for legal services does not alone entitle her to have the same allowed, nor is it enough that she may have acted in good faith in the employment of counsel. The burden rests upon her to show that the expenses incurred in employing counsel were reasonably necessary for the protection of the estate, and were reasonable and just. *In re Estate of Munger*, 168 Iowa 372. A different rule prevails where a party incurs expenses for attorneys' fees in his own behalf. An administrator deals with a trust fund. He cannot use the proceeds of the estate in litigation, to the detriment of creditors, unless such litigation is reasonably necessary, to protect the best interests of the estate. The situation is quite different from that of a private individual, who may, at his option, indulge in litigation "without let or hindrance." *In re Estate of Sawyer*, 124 Iowa 485.

No one does, nor could they, question the ability and efficiency of the eminent counsel who represented the administratrix in this litigation. That the interests of the estate were carefully guarded, and this lawsuit tried with skill and ability by the attorneys employed by the administratrix, cannot be doubted.

The administratrix is now asking the allowance of these

several items of attorneys' fees as charges against the estate. The rights of third parties, to wit, the creditors of the estate, are involved. If the matter were one between attorneys and a private client, a different question would be presented from the one we are called upon to decide.

We cannot interfere on this appeal with the order of the district court in fixing the various amounts that should be allowed for the services of attorneys in connection with the Bailey case, except as to the order in respect to the fees, if any, to be allowed to Trewin. Here, the court denied any allowance. We cannot try the question of the amount allowed by the lower court, where there is substantial support of the order in the evidence, and where the matter rests, to a large extent, in the discretion of the trial court, unless we find that the action of the court is arbitrary and unwarranted, or the amount allowed is excessive, or there has been an error of law committed.

With respect to the matter of the fees of Trewin, the lower court made no award whatever. This presents to us the question as to whether or not there was reversible error in this action of the court. We think that the services rendered by Trewin were rendered in good faith for and in behalf of the estate, and the evidence in the record tended to show the value of such services. The court was not warranted, as a matter of law, in refusing to permit any allowance to the administratrix for the services of Trewin in connection with the Bailey case. The amount to be allowed for such services was peculiarly within the province of the trial court, but it was error, on the record, to refuse to make any allowance upon such claim by the administratrix.

II. There was another lawsuit involved in this estate, growing out of a claim filed against the estate by one Mrs. Bider, former wife of the decedent, Chismore. This claim was based on a promissory note, executed in 1910. There was one trial of this cause, and judgment rendered for the claimant, which judgment was set aside. A second trial was had, and judgment was rendered for the estate. The case was thereupon appealed to this court, where it was reversed. *In re Estate of Chismore,* 166 Iowa 217. The cause was remanded, and retried

4. EXECUTORS AND ADMINISTRATORS: accounting: canceling interlocutory order.

in the district court. The court directed a verdict for the estate. The case was again appealed to this court, where it was for the second time reversed. *In re Estate of Chismore,* 175 Iowa 495. After the cause had been remanded, a settlement was effectuated, whereby the claim was allowed in the sum of $1,500.

Aside from the various matters in court, it appears that the firm of which Wheeler was a member had general charge of all matters connected with the administration of this estate after 1913. An order of court was obtained for the sale of the land belonging to the estate, referees were appointed, and the matter carried through to completion. The sale was of two different tracts. Suit was instituted and carried on against one of the purchasers. There was difficulty also in effecting a settlement with the purchaser of the other tract, though litigation was not instituted.

Said firm had charge of the litigation growing out of the Bider claim after 1913, and also performed services and had consultations in regard to the Bailey case. Work was required in order to perfect the title to the real estate owned by the decedent. In 1915, an order was entered allowing attorneys' fees in the sum of $1,087.73 to Wheeler or his firm. This was based upon an itemized statement which was filed in the estate proceedings as a claim, and was included in the intermediate report of the administratrix. An itemized account of the further claim for attorneys' fees is in the record.

We are impressed with the fact that the estate involved a large amount of legal work, quite disproportionate to the amount of the assets. There is no question that the settlement of the estate required a large amount of time, and tended greatly to "vexation of spirit" of the attorneys.

In her final report, the administratrix asked that she be allowed for Wheeler's firm the sum of $789.09, in addition to the amount previously allowed, making a total of $1,876.82 for their services in connection with the entire estate. The court allowed the sum of $1,025 for all services of said firm in connection with the entire matters involved. The allowance of $1,087.73 had been already made upon a prior report by the ad-

ministratrix, which contained an itemized statement upon which said allowance was based.

No good reason was shown why said allowance, as previously made, should have been set aside, upon consideration of the final report of the administratrix. While such intermediate report is subject to review, upon a consideration of the final report, an order entered on an intermediate report should not be vacated without some showing that the same was erroneously, improperly, or improvidently granted. We think there was no such showing in the instant case, and that the former allowance of $1,087.73 should not have been disturbed.

We think the court was also in error in refusing to allow any further sum for the services of Wheeler and his firm. It appeared that services were rendered after the allowance of $1,087.73 had been made, and that these services were of value. The amount to be allowed for such additional services was for the court to determine, under the evidence and the circumstances of the case.

III. The firm of Billings, Prouty & Thompkins was employed as accountants, in connection with the Bailey case, and the administratrix asked to be allowed $130.14 for their services therewith. It appears that these accountants testified as experts with regard to whether the signature to the note in question was a forgery, and also as to the value of the note at the time it was replevined.

5. EXECUTORS AND
ADMINISTRATORS: accounting:
credit for expert services.

This is in the nature of an extraordinary expense, which the administratrix asked to have allowed. The expense appears without dispute to have been incurred in good faith, and the administratrix was at least entitled, under the evidence, to the usual fees allowed expert witnesses under the statute. It was error, upon the record, to reject this item entirely.

IV. It appears that, sometime within one year after the death of the decedent, the widow was granted an allowance of $300 for her support, under the statute. In October, 1913, an application for further allowance was made, and the court allowed an additional sum of $300 for the support of the widow and her minor children. In passing upon the final re-

6. EXECUTORS AND
ADMINISTRATORS:
surviving wife.
allowance to

port, the court adjudged that the said second allowance of $300 was not entered until after the lapse of one year from the date of the death of the decedent, and was without warrant or authority of law, and for said reason, set aside and disallowed the same.

Under Code Section 3314, an allowance may be made to the widow for the support of herself and minor children for twelve months from the time of the death of decedent, which allowance may be reviewed, and increased or diminished, as to the court may seem right and proper. A very wide discretion is vested in the lower court in the matter of allowances of this character, and we cannot interfere with the orders of the court, except in cases where there has been evident abuse of such discretion. The record in regard to this matter in the instant case is very meager, but we do not find therefrom sufficient evidence to warrant us in disturbing the action of the trial court on this question.

For the reasons pointed out, the order of the trial court will be affirmed as to all matters except the allowance of attorneys' fees to J. H. Trewin and his firm, and attorneys' fees to C. E. Wheeler and his firm, and fees for said accountants. As to said fees, the action of the lower court is reversed, and the cause remanded for a new trial as to said items.—*Affirmed in part; reversed in part.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.