In RE ESTATE OF MILTON R. STERNER.

J. U. YESSLER, Administrator, Appellant, v. PAUL W. STERNER et al., Appellees.

No. 44074.

JANUARY 18, 1938.

C. J. Lynch, for appellant J. U. Yessler, administrator with will annexed of estate of Milton R. Sterner, deceased.

Don Barnes, Barnes, Chamberlain & Hanzlik, and E. H. Wadsworth, for appellees Paul W. Sterner and Paul W. Sterner, former administrator with will annexed of estate of Milton R. Sterner, deceased, and Fidelity & Deposit Company of Maryland.

E. A. Johnson, for appellee Carolyn M. Sterner.

Otto L. Schluter, for Dale O. Stentz, trustee in bankruptcy of Paul W. Sterner, bankrupt.

L. D. Dennis, for D. W. Bates, superintendent of banking of the State of Iowa, receiver of the Springville Savings Bank of Springville, Iowa, claimant against estate of Milton R. Sterner, deceased.

Donnelly, Lynch, Anderson & Lynch, formerly attorneys

for John T. Yocom, executor of estate of Edward Yocom, deceased, and now attorneys for D. E. Smith, trustee, assignee of the claim allowed in favor of John T. Yocom, executor, and against the M. R. Sterner's Estate.

Otto L. Schluter, for Ona Foughty, claimant.

HAMILTON, C. J.—This appeal presents three separate and distinct propositions growing out of the administration and settlement of the estate of Milton R. Sterner, deceased. Milton R. Sterner died testate in Linn County, Iowa, on March 28, 1930. His will was duly admitted to probate on April 16, 1930. He gave his wife the homestead property and a life estate in the other property, and subject to this gave all his remainder estate to his two children, Carolyn M. and Paul W. Sterner. Paul W. Sterner was appointed administrator with the will annexed on April 21, 1930, and on said date qualified by taking the oath required by law and filing bond in the sum of $10,000 with Fidelity & Deposit Company of Maryland as surety. The estate consisted of some farms and town property, also personal property, including a one-third interest in a store at Springville, Iowa, where Mr. Sterner lived at the time of his death. The first report of the administrator was not filed until June 6, 1933. His second report was filed on October 17, 1934. In these reports it is alleged among other things that Paul W. Sterner and his sister have advanced from their own funds for the purpose of paying bills and notes of the estate the sum of $8307.23, for which amount the administrator asked credit. On an ex parte hearing an interlocutory order was made by the court allowing the same as a proper charge against said estate.

On November 3, 1934, D. W. Bates, superintendent of banking of the State of Iowa, and receiver of the Springville Savings Bank of Springville, Iowa, as one of the claimants against said estate, filed objections to the reports of Paul W. Sterner, administrator, and asked to have him removed as administrator, grounds 81 and 82 of said objections being as follows:

"81. That the reports show that the said Administrator with the Will Annexed has allowed the claim of himself as an individual and Carrie M. Sterner, his sister, in the sum of $8307.23 without having any special administrator appointed to pass upon his claim, that the purpose of having his claim so al-

608

lowed was to secure the assets of the said estate to himself and his sister and thus defeat the rights of other creditors.

"82. That as shown by his second report the said Administrator with the Will Annexed has paid to himself and his sister, Carrie M. Sterner, the sum of $1542.18 to apply on their alleged claim of $8307.23. That such payments are a preference to the Administrator and his said sister, Carrie M. Sterner. It appears from the entire records of the said estate that the court costs and attorney fees and taxes upon the estate property are at the present time unpaid and that there are other claims of the same class which have not yet been paid."

There was a hearing before the court on the objections, and on December 3, 1935, the court entered his ruling and order, and among other things, removed Paul W. Sterner as administrator and in his place appointed J. U. Yessler administrator, and found and adjudged that Paul W. Sterner had appropriated and converted to his own use property belonging to the estate of the value of $9,915.09, and ordered that this sum, together with interest, be paid to the newly appointed administrator on or before the 20th day of December, 1935. He also refused to approve the said reports. All other issues and matters involved were continued for further consideration, the court retaining jurisdiction of the subject-matter and the parties, reserving the right to make and render such further findings, orders, and judgments in said cause as might be required to protect the interests of the estate.

Sterner failed to comply with this order of the court. Yessler, administrator, then filed application under sections 11984 and 11985, Code of 1935, wherein he asked judgment on the bond against Paul W. Sterner and his bondsmen for the full amount of the bond, to wit: $10,000. The amount of defalcation with interest amounted to more than this sum, but the amount of the judgment was limited for the reason that the bond was only in the principal sum of $10,000. This was set down for hearing and notice prescribed and served upon Sterner and the bond company. They appeared and filed objections to said application. There was a hearing to the court, and on March 4, 1936, the court found that said Paul W. Sterner had failed to comply with the court's ruling and order, made on the 3d day of December, 1935, and failed to pay to J. U. Yessler, the newly

appointed administrator with the will annexed of the estate of Milton R. Sterner, deceased, the said sum of $9,915.09, and interest thereon from July 1, 1931, or any portion thereof, the total amount of said principal and interest at this time amounting to $12,627.96. The court rendered judgment in favor of said Yessler, administrator, and against Sterner and the Fidelity & Deposit Company of Maryland, surety on Sterner's bond as administrator in the total amount of $10,000, together with interest thereon from the 20th day of December, 1935, without prejudice to the estate to collect from Sterner the balance of said sum over and above the amount of the judgment rendered on the bond.

In the meantime objections to the allowance of the claim of D. W. Bates, etc., were filed by the Fidelity & Deposit Company of Maryland, Paul W. Sterner, Carolyn M. Sterner, and J. U. Yessler, administrator of the estate of Milton R. Sterner, deceased, in which they set up the fact that the claim was not filed within the statutory period. There was a hearing on July 22, 1936. At the close of the hearing the bond company and Paul W. Sterner moved the court to sustain each and all of the objections to the testimony offered in support of said claim, and further moved the court not to permit the filing of said claim other than the claim of $1,700 assessment on bank stock. On September 17, 1936, this motion was sustained generally, thus denying that portion of the bank's claim based on a guaranty bond and back rent on one of the farms to which the bank held title, and which had been used by the deceased for a number of years, and upon which the bank claimed rent had not been paid. Bates, receiver, has appealed from this order, denying his claim, which appeal is cause No. 44073 now pending in this court.

On September 22, 1936, Paul W. Sterner and the bond company, defendants in the $10,000 judgment on Sterner's bond as administrator, filed a petition for new trial, based on the ground of newly discovered evidence, and to set aside the order and judgment of the court entered on March 4, 1936. To this petition Yessler, administrator, and Bates, receiver, filed answer. Trial was had to the court and on February 15, 1937, one of the days of the regular January, 1937, term of the Linn County district court, the court entered an order setting aside the order and judgment entered on March 4, 1936, and setting aside the order of December 3, 1935, and all orders and judgments and

rulings in any manner adverse to the said parties upon the trial of said cause, and prior to said trial and subsequent thereto, and the judgment for costs against said parties was set aside and cancelled. Later, on March 27, 1937, the same being one of the regular days of the March, 1937, term of the Linn County district court, the court on his own motion entered an order which is denominated "Substituted Order in lieu of 'Enrolled Order Setting Aside Verdict and Judgment and Granting New Trial,' entered by the court on the 15th day of February, 1937." By this substituted order the court expunged from the record the former order dated February 15, 1937, and in lieu thereof entered an order sustaining "that portion of the petition for new trial, which asks that the judgment entered by the Court on the 4th day of March, 1936, in said cause, against Paul W. Sterner, Administrator with Will Annexed of the Estate of Milton R. Sterner, deceased, and Fidelity and Deposit Company of Maryland, surety on the bond of said administrator, be cancelled, set aside and held for naught. Said petition for new trial is otherwise overruled," etc. From this order setting aside this judgment and granting new trial as to said judgment, Yessler, administrator appeals, and this presents the first question in this case.

On September 19, 1936, the court entered an order overruling objections 81 and 82, hereinbefore set out, of the objections filed by Yessler, administrator, to the reports of Sterner, former administrator, being objections to the allowance of the claim of $8307.23 which the court allowed Paul W. Sterner as administrator to take credit for, and from this ruling Yessler, administrator, also appeals, which is the second proposition presented by this appeal.

The third question presented by this appeal relates to the ruling of the trial court sustaining motion to strike that portion of the objections of Yessler, administrator, to allowance of the claim of Carolyn M. Sterner, which claim had been previously filed and set down for hearing, and to which the administrator, Paul W. Sterner voluntarily appeared, and upon which trial was had to the court and the claim allowed, the grounds of this motion to strike being that the objections to her claim presented only "redundant, irrelevant and immaterial matter, and the judgment of the court allowing said claim is not subject to attack made upon it by said administrator and said judgment is a

verity * * * and can only.be reviewed on appeal and the time for appeal has long since gone by." The objections at which the motion to strike was directed set up that "said claim was allowed by this court on evidence given by Paul W. Sterner who was the brother of the claimant and without resistance of any kind made thereto and through the fraud and collusion between the said claimant and the former administrator." The court sustained the motion to strike of the claimant, Carolyn M. Sterner, and from this order Yessler, administrator, has appealed.

We will dispose of these three separate propositions in the order mentioned.

■■■ I. First, as to the order setting aside the judgment on the bond, it will be noticed that the court did not set aside the order of December 3, 1935, wherein he found Paul W. Sterner had misappropriated and converted to his own use $9,915.09 of the estate's property, and wherein he ordered him to pay the same to Yessler on or before December 20, 1935, and it is the contention of the appellant, Yessler, administrator, that since this finding and adjudication stands unreversed and unmodified, and noncompliance with said order being uncontroverted, there was no defense, and the judgment set aside was properly entered, and on a new trial said conceded facts would require the re-entry of an identical judgment, and, further, that the alleged newly discovered evidence in combination with the evidence on the original trial does not disclose a good defense to the action on the bond. We see no escape from the sound logic of this contention.

The law is quite well settled on this matter. Statutory authority for summary action of this character is found in the following sections of our Code:

"11984. Failure to pay claims. If the executor or administrator fails to make any payment in accordance with the order of the court, any person aggrieved thereby may, on ten days' notice to him and his sureties, apply to the court for judgment against them on their bond.

"11985. Hearing and judgment. The court shall hear the application in a summary manner, and may render judgment against them for the amount of money directed to be paid, and costs, and issue executions against them therefor. If any of the obligors are not served, the same proceedings in relation to them

may be had with the same effect as in an action by ordinary proceedings under similar circumstances.''

The general rule many times announced by this court is that a judgment or decree against an executor or administrator is conclusive against the sureties on the bond, although they were not parties to the proceedings and cannot be collaterally questioned by them in an action on the bond, their only remedy being by way of appeal, writ of error, or application for a new trial, unless fraud or mistake is shown in the procuring of said order or judgment. In re Estate of Jackson, 217 Iowa 1046, 1053, 252 N. W. 775, 91 A. L. R. 937; In re Estate of Carpenter, 210 Iowa 553, 559, 231 N. W. 376; Baker v. Baker, 220 Iowa 1216, at 1223, 264 N. W. 116, 120, 103 A. L. R. 995.

Appellant's second contention is that the court was in error in setting aside said judgment for the reason that there was no showing that there was a defense to the action, in that the facts alleged and shown constituting the newly discovered evidence, taken with all the evidence introduced at the original hearing, would constitute no defense to this application for judgment on the bond. Section 12796 of the Code of 1935 provides that ''the judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered.'' See, also, Dolph v. Wortman, 191 Iowa 1364, 183 N. W. 814. The only ground alleged as a basis for the setting aside of the judgment was that the claim of Bates, receiver, had been denied, except as to the $1,700 stock assessment, and with this large claim out of the way the estate was solvent. As heretofore stated, Bates, receiver has appealed from the order denying his claim, and that matter has not been definitely determined. The argument advanced by appellees is to the effect that the defalcation of Paul W. Sterner was the basis for the entry of the judgment upon the bond, and since Paul W. Sterner is one of the heirs, if the estate is solvent, it would be a useless proceeding to require the surety on the bond to pay the $10,000 into the estate when it would have the right of subrogation, and the right to reclaim and recover the same from Paul W. Sterner out of his share in the estate. Paul W. Sterner's liability to the estate is neither diminished nor increased by the disallowance of the receiver's claim. Nor does the fact that the estate is solvent constitute a defense to the ren-

dition of judgment on the bond. Sterner, as administrator, bears one relationship to the estate, and Sterner as an heir is quite another matter and a different relationship. The question of whether or not the surety company may recoup its loss by attaching the interest of Paul W. Sterner in the estate has nothing to do with the legal question involved here, and such matters are no defense and constitute no basis for setting aside the judgment. The fact remains that the court on December 3, 1935, after a hearing, determined and fixed Sterner's liability to the estate. That order still stands. Sterner has never complied with it. Unless this order is set aside by reason of fraud or collusion, there is no escape by the surety. The statute provides a summary method for obtaining judgment on the bond against the surety, and the only evidence necessary is the introduction of the order fixing the amount of the liability against the administrator. The consequent liability of the bond company as surety inevitably follows. As stated in the case of Baker v. Baker, supra:

"That judgment of the court on the trial of that issue in the trusteeship proceedings is a final order. It has never been appealed from. It is a finality so far as it fixes the obligation of the trustee to account. It cannot be collaterally attacked in this proceedings. The issue therein tried and determined cannot be retried here."

The contention of the appellees that when the judgment was set aside it ipso facto set aside the former order fixing the liability is not tenable. Appellees' further contention that the court had no jurisdiction on his own motion to vacate and expunge the former order of February 15, 1937, and enter the substitute order on March 27, 1937, at a subsequent term of the court is not supported by the abstract. While the order shows that the court set aside his former order on his own motion, there is no showing in the abstract that there was not an appearance, or that this was done in the absence of the parties. The fact that exceptions were noted to the order would indicate that there was an appearance. The matter was in probate and the appellees did not move to vacate said order for the simple reason, no doubt, that they assumed they had obtained what they were really seeking for, namely, the setting aside of the judgment

upon the bond. We therefore hold that the court was in error in setting aside this judgment and granting a new trial.

██ II. The second proposition relates to the allowance of the claim of Sterner, administrator, in the sum of $8307.23. The basis for the allowance of this claim is found in the first report of Sterner as administrator, wherein he states:

"That your accountant and his sister, Carrie M. Sterner have advanced from their own funds and resources for the purpose of paying bills, and notes, the sum of $8,307.23, as shown by the above statement of account, and your accountant should be credited therewith."

On June 8, 1933, on an ex parte hearing before the court, in an interlocutory order the court stated:

"It appearing that the said administrator and his sister, Carrie M. Sterner, have advanced from their own funds various sums for the purpose of paying bills and liabilities of the estate, to the amount of $8,307.23, it is ordered that they be given credit therefor, and a claim against the said estate is established in their favor for said amount."

It is not shown in the record that any of the bills and notes had been filed and allowed as claims against the estate. No special administrator was appointed to pass on this claim. It is shown that there were other claims filed and allowed which would be in the same class with this claim. Paul W. Sterner, administrator, in his second report, admitted and set out items amounting to $1,542.18 which should be deducted from the $8,307.23 claim, and the evidence at the hearing disclosed that he had included a joint obligation of Paul W. Sterner and his father for which he took credit for the whole amount; also a substantial sum which had been paid by his mother. It further appeared from the evidence that there was no hearing, and no one present in court to represent the estate at the time this interlocutory report was approved, and this claim allowed, and that the estate is still open and unsettled.

Under such circumstances with such a showing, we think the court in the interests of the estate should have sustained objections 81 and 82 and disallowed this claim for the time being until it was definitely shown that there would be sufficient funds to meet all other claims and costs of administration. If, when

this litigation is over, there are funds remaining sufficient to meet whatever is found to be justly due and owing to Paul W. Sterner and his sister, the matter can then be adjusted between themselves. To say the least, the whole matter was irregular. It was never presented in the form of a claim. The order was entered without notice to anyone, and is subject to correction at any time before final settlement. Metcalf v. Baldwin, 143 Iowa 310, 120 N. W. 104; In re Gray's Estate, 178 Iowa 517, 159 N. W. 978; Ryan v. Hutchinson, 161 Iowa 575, 143 N. W. 433.

■■■ III. The third proposition relating to the claim of Carrie M. Sterner stands on an entirely different basis. This claim was filed but was not allowed by the administrator. The court set the same down for hearing and the administrator appeared by himself and counsel and there was a trial to the court, and at the conclusion of the hearing, judgment was entered allowing said claim. No appeal has been taken therefrom. This became a final adjudication. In re Estate of Scholes, 170 Iowa 93, 97, 152 N. W. 3; McLeary v. Doran, 79 Iowa 210, 44 N. W. 360; Ryan v. Hutchinson, 161 Iowa 575, 590, 143 N. W. 433. This result can only be obviated where fraud or collusion is shown in procuring the allowance of the claim, thus perpetrating fraud upon the court. Hence, the only matter to be determined as to this claim is whether there were any facts which would constitute fraud and collusion alleged in said objections to the report and allowance of the claim of Carrie M. Sterner.

Appellee, Carolyn M. Sterner, contends there were no such allegations, merely the statement of a conclusion. We are inclined to agree with her. This claim was based on promissory notes, three in number, which were set out in full in the claim, all signed by the testator, one for $500 dated March 1, 1926, due and payable one year after date, endorsements showing interest paid to March 1, 1931; one for $1500, dated January 1, 1919, due one year after date, endorsements showing interest paid to January 1, 1931; one for $1,500 dated August 1, 1914, due one year after date, endorsements showing interest paid to August 1, 1930. The testator died March 28, 1930. On the face of these notes they have every indication of being live obligations against the maker, but for the statute of limitations which had run against all three of them. True, the claim was not filed until after the year for filing claims had expired, but there were sufficient allegations set up in the claim, if proven to the court, to

warrant the court in permitting the same to be filed. The only allegation in the objections which can in any way be construed as an allegation of fact is the statement "that said claim was allowed by this court on the evidence given by Paul W. Sterner who was the brother of the claimant and without resistance of any kind made thereto."

There is nothing in our law that requires an administrator to make resistance to a valid and existing claim. Neither does the law require the administrator to set up the statute of limitations against a claim which upon investigation he believes to be a just claim against the estate. We have gone so far as to say in one case "that it might have been morally wrong to have interposed the statute against some of these claims." In re Estate of Baumhover, 151 Iowa 146, 148, 130 N. W. 817, 818.

Is the fact that the claimant was a sister of the administrator, and that the administrator was called upon to give testimony in support of said claim any basis for fraud or collusion? None of these matters in and of themselves amount to fraud, nor would they, if proven to be true, establish collusion, or amount to a fraud upon the court. Trimble et al. v. Marshall, 66 Iowa 233, 23 N. W. 645. The court had the claim before him. It showed on its face that it was barred by the statute of limitations. What is there in any of these matters to suggest the commission of fraud upon the court? We think there is nothing.

Appellant practically concedes that there are no factual matters alleged constituting fraud or collusion, but asserts that in the absence of attack the pleading of the conclusion was sufficient, and that the motion to strike did not raise this question and it cannot be raised for the first time in this court. The grounds of the motion are "that the same is irrelevant, immaterial and redundant matter, and the judgment of the court in allowing said claim is not subject to attack made upon it by the said administrator and the said judgment is a verity and establishes the claim of said Carrie M. Sterner as a legal and valid claim against the estate, and said judgment can be reviewed only by appeal, and the time for such appeal has long since gone by." It must be conceded that there is no language specifically pointing out or indicating that the allegations in the objections were bad because they were in the nature of conclusions, but there is the general statement that the judgment of the court in allowing said claim is not "subject to attack made upon it by

the said administrator.'' And one of the attacks made upon it was that it was procured by fraud and collusion. The matter is very technical, in view of the fact that all the matters that the present administrator now raises in his objections must necessarily have been before the trial court at the time he made his order allowing the claim. We are not inclined to make the determination of this matter in this probate proceeding rest only on fine technicalities of pleading, when the result will be the setting aside of the allowance of a claim upon which there is shown to have been a full hearing, both sides present in court and represented by eminent counsel.

We therefore hold as to the claim of Carolyn M. Sterner that the order of the trial court in allowing the same should be and it is affirmed. As to the order of the court in setting aside the judgment on the bond, discussed in division I of this opinion, and the order of the court overruling objections to the claim of Paul W. Sterner, administrator, discussed in division II of this opinion, the cause is reversed.—Reversed in part; affirmed in part and remanded.

STIGER, C. J., and SAGER, DONEGAN, and ANDERSON, JJ., concur.

RICHARDS, J., dissents as to division III.