IN RE ESTATE OF JULIA McCABE, deceased; COUNCIL BLUFFS SAVINGS BANK, executor; ODA SULLEY, claimant.

No. 51968.

(Reported in 140 N.W.2d 370)

February 8, 1966.

Ross, Johnson, Stuart, Tinley & Peters, of Council Bluffs, for appellant.

Dippel & McCann, of Council Bluffs, for appellees.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for executor.

Stuart, J.—The Sixtieth General Assembly substantially revised the probate law of this state with the passage of the Iowa Probate Code, chapter 326, Laws of the Sixtieth General Assembly. Section 411, thereof, provides:

"Sec. 411. Pleading statute of limitations. It shall be within the discretion of the personal representative to determine whether or not the applicable statute of limitations shall be pleaded to bar a claim which he believes to be just. * * *." (A proviso not applicable here follows.)

The question presented here is whether the heirs or beneficiaries can interpose the defense of the statute of limitations to outlawed claims after the personal representative of the deceased has determined it should not be pleaded.

Oda Sulley, who is also one of the beneficiaries, filed a claim against the Estate of Julia McCabe based on nine promissory notes which would have been barred by the statute of limitations. The executor filed an application for allowance of the claim, had the application set down for hearing and served notice on the heirs, legatees and beneficiaries. Certain benefi-

ciaries objected to the allowance of the claim and raised the bar of the statute of limitations. The executor then filed its determination not to plead the statute under section 411. Claimant resisted the objections and asked for a separate adjudication of the law point under R. C. P. 105 on the right of the objectors to plead the statute of limitations. The trial court held the objectors had the right to assert the statute of limitations, had raised the question and that the claim was barred. An order was entered denying the claim. Claimant has appealed.

The trial court concluded section 411 "does not preclude the raising of the bar by residuary legatees who are the real parties in interest, and since In re Plumb's Estate (July 16, 1964), 256 Iowa 938, 129 N.W.2d 630, it is immaterial whether said real parties of interest are legatees or devisees."

In In re Estate of Baumhover, 151 Iowa 146, 147, 130 N.W. 817, we said: "The rule in this state is that an administrator is not necessarily bound to interpose the plea of the statute of limitations against a claim which he believes to be justly due from the estate." In In re Estate of Smith, 240 Iowa 499, 36 N.W.2d ‚815, 824–826, 8 A. L. R.2d 640, we express dissatisfaction with this "minority rule".

In In re Estate of Plumb, supra, we permitted the intervening residuary legatees to assert the statute of limitations. Therefore, unless the new Iowa Probate Code has changed the rule, under our most recent pronouncements preceding its adoption, the beneficiaries here have a right to object to the payment of the claims on the ground the notes were barred.

We hold section 411 of the Iowa Probate Code does change the rule and gives the personal representative the right to use his discretion in deciding whether the statute of limitations should be pleaded and that the beneficiaries no longer have the right to assert it in their own behalf.

"Where the language of a statute is plain and unambiguous and its meaning clear and unmistakable there is no room for construction and we are not permitted to search for its meaning beyond the statute." Consolidated Freightways Corporation of Delaware v. Nicholas, 258 Iowa 115, 120, 137 N.W.2d

900, 904, "* * * the meaning to be given the words used will be determined from the character of their use, and they will be given their natural, plain, ordinary and commonly understood meaning in the absence of any statutory or well established technical meaning." (Citing cases).

Webster's New Collegiate Dictionary lists the following definition of discretion: "Power of free decision; individual judgment; undirected choice."

The language of the statute appears to be plain and unambiguous. The personal representative is given the right to use his individual judgment or choice or make a free decision in determining whether the statute of limitations shall be pleaded. If others can override his decision, he, in effect, has no discretion and the section becomes meaningless.

The fact that the legislature used the passive voice reinforces our interpretation. The personal representative's discretion is *not* to determine whether *to plead* the statute of limitations. Were the statute worded in the active voice, there would be more force to the argument that this was just a choice for the personal representative and did not affect the rights of the beneficiaries to assert it for themselves.

However, the personal representative is given the discretion to determine whether the statute of limitations *shall be pleaded.* This is much broader language. It is not limited to his own action. If he determines it shall not be pleaded, it cannot be pleaded by anyone. If the beneficiaries were allowed to plead the statute, such action would be in direct conflict with section 411 which vests the personal representative with this discretion.

Of course, this discretion is not absolute and may be subject to abuse. That question is not before us at this time. We are only deciding as a point of law that section 411, Iowa Probate Code, places the determination of whether the statute of limitations shall be pleaded within the discretion of the personal representatives. Objectors do not here challenge the validity of the statute. It is not for us to judge the wisdom of this legislative action, but only to give the meaning to the section we believe the legislature intended from the language used.

For the reasons stated we reverse the decision of the trial court and remand the cause for further proceedings in accordance herewith.—Reversed and remanded.

LARSON, SNELL, MOORE, MASON and BECKER, JJ., concur.

RAWLINGS, J., and GARFIELD, C. J., dissent.

THORNTON, J., dissents.

RAWLINGS, J.—I respectfully dissent.

We are here confronted with a matter of statutory construction or interpretation. In that connection we said in Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431: "Courts may not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute." See also rule 344(f)13, Rules of Civil Procedure.

Clearly section 411, chapter 326, Laws of the Sixtieth General Assembly, does not say: It shall be within the sole, or the exclusive discretion of the personal representative to determine whether the applicable statute of limitations shall be pleaded to bar a claim which he believes to be just. Neither does it provide the personal representative shall have discretion in the matter to the exclusion of right on the part of any interested party to assert the bar.

If, as the majority holds, section 411 vests in an estate representative sole and exclusive discretion as to whether the statute of limitations shall or shall not be raised as a bar to any claim, then it is at best doubtful that the beneficiaries of the estate are accorded due process of law.

It has also been said the statute with which we are here concerned is a partial codification of "existing case law". If so, then In re Estate of Smith, 240 Iowa 499, 36 N.W.2d 815, 8 A. L. R.2d 640, discloses the trial court should be affirmed.

In connection with the foregoing, see also McCarty Iowa Probate, Second Ed., section 1464.

GARFIELD, C. J., joins in this dissent.